HON. D. M. VALENTINE, }
HON. D. J. BREWER,      } ASSOCIATE JUSTICES.

---

### J. L. COFFMAN v. F. M. PARKER, *Treasurer, &c.*

SCHOOL DISTRICTS; *Action on Treasurer's Bond; Who to be Plaintiff.* An action on the bond of the treasurer of a school district, to recover a balance not paid over to, his successor in office, must be in the name of the school district; and if such action is brought and prosecuted in the name of the successor of such officer it is error for which the judgment will be reversed.

### Error from Lyon District Court.

ACTION brought in the district court on the bond of a school-district treasurer. The title of the action was—"F. M. Parker, Treasurer of School District No. 16, Lyon and Chase Counties, in the State of Kansas, plff., v. J. L. Coffman." *Coffman* demurred, "for that it appears on the face of the petition that the plaintiff has no legal capacity to sue, and that the action should have been brought in the name of the School District, and not in the name of the Treasurer." The district court overruled the demurrer, and gave judgment at the October Term 1872 for the plaintiff. *Coffman* excepted, and brings the case here on error.

*E. S. Waterbury,* for plaintiff in error:

1. The suit against Coffman should have been brought in

2—11 KAS.

the name of the district, and not in the name of Parker, as treasurer. Three sections of the school law, §§ 24, 36, and 39, ch. 92, Gen. Stat., and § 28 of the civil code bear upon this question. From said § 24 it is evident the district may in her own name maintain a suit where her interests are involved. By § 36 suit upon the treasurer's bond may be instituted either by the director or a householder of the district, and "the *name* authorized" by this section of "the law," in which may be maintained a "suit upon the official bond," is the name of the district. (See § 28 of code.) The prosecution is "for the use of the district," that is, the district is the "real party in interest." Upon failure of the treasurer to pay over, (§ 39,) his successor, having knowledge of a breach of the bond, is directed to commence prosecution upon the bond, the same as the director is required, or the householder authorized to do by § 36. But this § 39 does not change the legal effect of the bond, or authorize a suit thereon in the name of any except the party therein named as obligee.

2. The court erred in holding that the averment of the amount of damages was confessed by failure to answer, and in refusing to hear evidence offered by Coffman as evidence on that point. (Code, § 128.) Allegations of amount of damages are not taken as true by a failure to controvert.

*R. M. Ruggles,* for defendant in error:

1. The statutes expressly provide that in case a treasurer of school district fails to pay over any money in his hands his successor in office shall prosecute his official bond: Gen. Stat., ch. 92, § 39. It is true it does not say what the title of the cause shall be, but taken in connection with § 36 of said ch. 92, and § 28 of the code, we must infer that the suit shall be prosecuted in his official capacity. Sec. 36 of ch. 92 provides that the director *may cause* a suit to be commenced in the name of the district, or on failure of the director, any householder. Now clearly this section is to provide for a failure of the treasurer to discharge his duties while in office, and obviously a director or some one else besides the treas-

urer must bring the action. The treasurer cannot sue himself. And as the director is not the repository of the district funds, and since he is not under bond to account to the district for money coming into his hands, he or any householder must sue in the name of the district, and shall be treasurer *pro hac vice* to recover the money and apply it. But at the expiration of the treasurer's term of office the director or householder cannot sue in the name of the district for any funds remaining in the hands of the outgoing treasurer, and why? because the proper financial officer of the district, the incoming treasurer, into whose hands the funds all go, and who has executed his bond with approved security for the faithful disbursement of the same, is there to sue; and the statute has wisely so provided. The wording of § 36 is very different from § 39. In § 36 the " director shall *cause* a suit to be brought on the bond," and the householder *may cause* such prosecution to be instituted; (but neither one may bring the suit himself.) In § 39 the words are, "it shall be the *duty* of his successor in office to *prosecute* without delay the official bond of such treasurer for the recovery of such money." And this is a duty for the failure of the performance of which the successor would be liable on his bond.

It makes no difference that § 24 makes a school district a body corporate with the usual powers of a corporation for public purposes, and in its name may sue and be sued. The statute does not say that that is the only way it may sue and be sued. And the very fact that the legislature mention in § 36 in what name the director and householder should cause suit to be brought shows that they contemplated suits to be brought in another name.

2. A corporation may sue and be sued in the official name and character of its officers in the absence of a statute to the contrary. Sec. 28 of the code. *Van Keuren v. Johnson*, 3 Denio, 184. Especially a corporation for public purposes, and having the powers usual to such corporations, such as the statute makes a school district: *Overseers of Pittstown v. Overseers of Plattsburgh*, 18 Johns., 407; *Todd v. Birdsall*,

1 Cowen, 261; *Silver v. Cummings,* 7 Wend., 182; *Supervisors v. Stimson,* 4 Hill, 136.

3. If the statutes do require that all suits shall be brought in the name of the school district, this action is a compliance, for the name of the treasurer, and his title of office, may be rejected as surplusage, and then the title would be good. *Harding v. Trustees of New Haven,* 3 Ohio, 547; 9 Johns., 333; 8 Cow., 32; 19 Wend., 53; 41 Barb., 335. There can be but little doubt that either mode of bringing the action will do under some circumstances. The spirit of the statute is to secure the money to the district for its legitimate purposes. Defendants have no right to complain of the parties plaintiff further than that the action shall be a bar to any other suit against them. The facts set up in this suit will make it a complete bar to any future suit.

4. There was no error in the assessment of damages. The latter part of §128 of the code provides that "allegations of value and damages shall not be taken as true in certain cases, but this shall not apply to the amount claimed in actions on contract." This action is an action upon a bond, which is a contract under seal; or, if it had not been upon a bond it would have been an action upon contract for which assumpsit for money had and received would have laid at common law. 5 Kas., 398.

The opinion of the court was delivered by

BREWER, J.: This was an action on the bond of a treasurer of a school district. It was brought by the present treasurer in his own name, as such treasurer, against his predecessor, to recover a balance not paid over. The first and main question is, whether such action must be in the name of the district, or may be in the name of the treasurer, as plaintiff. The money belongs to the district, and not to the treasurer. The district is the real party in interest. Hence, by the general rule of the statute the district should be the plaintiff. Code, §26. Is there any statutory provision which would take this case out of the general rule? Section 28 pro-

vides that a person expressly authorized by statute "may bring an action in his own name," and also, that "officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way." This of itself throws no light on the question, but simply directs our examination to the statutes authorizing suits generally upon official bonds, and the particular statutes concerning the powers of school district treasurers. Section 686 of the code contains the general provision concerning suits on official bonds; but that does not help the present action, for it simply provides that the "party injured, or who is by law entitled to the benefit of the security," may bring an action in his own name. This of course in the present case would be the district. Turning now to the statute concerning school districts, we find by § 24, page 920, Gen. Stat., that every school district is made a body corporate, with power to sue and be sued. By § 36 of same act, in case of any breach of the treasurer's bond the director is required to commence a suit in the name of the district, and on his failure so to do any householder in the district may cause like action to be prosecuted. Thus far there is no room for question. The remaining section, and that which is claimed to justify this suit, is § 39. That reads thus:

"SEC. 39. If any district treasurer shall refuse or neglect to pay over any money in the hands of such treasurer belonging to the district, it shall be the duty of his successor in office to prosecute without delay the official bond of such treasurer for the recovery of such money."

The argument made is, that because it is the duty of the treasurer to "prosecute," it is his right to prosecute in his own name. We fail to see any force in this argument. The object of this statute is to impose upon one particular officer the especial duty of protecting the rights of the district in this matter. The treasurer is named because it is his duty to receive the balance from his predecessor, and because he of all men would know whether such balance was paid over. It does not attempt to regulate the form of the action, or designate

the party in whose name it must be brought. It does not "expressly authorize" the treasurer to sue in his own name, nor is he an "officer authorized by law to sue" in any particular name. The obvious intention of the legislature was, in all possible cases, to bring the real party in interest into court, and make him responsible for all the consequences of the litigation; and we should frustrate that intention, and mar the harmony of our system of procedure, if in the face of such language as "express authority" we permitted any implications to sustain an action in the name of other than the real party in interest.

Again, it is insisted that if the action should have been brought in the name of the district the words, "F. M. Parker, Treasurer of," may be dropped from the title as surplusage, and then the action will stand in the name of the district. We are cited to some cases in which a party bringing suit in his own name, but describing himself as "executor," "administrator," etc., it has been held that the latter part being a mere *descriptio personæ*, might if necessary be dropped as surplusage. This is familiar; but these cases are far from being in point. In them the change is simply in the capacity in which the plaintiff sues. In this the change is of the party plaintiff. The strongest case cited is that of *Harding v. Trustees of New Haven Township*, 3 Ohio, 227, where the action was commenced against "Fiseley, Baney, and Palmer, trustees of New Haven township," and where, it being obvious that the corporation was the party intended to be sued, and the court holding that the names of the individual trustees ought not to have been inserted, it was decided that the names might be stricken out, and the case stand in the name of the "Trustees of New Haven Township." This ruling, which it must be conceded goes a great way toward sustaining the claim of the defendant in error, was placed by that court mainly on the ground that the proceedings were commenced before a justice of the peace, and great indulgence should be extended to such cases. We quote from the opinion: "If it be said that this is an unusual extension of the priv-

ilege of amendment we refer the objector to the consequences that would follow were we to require of justices the same attention to regularity and form which has been considered necessary in the proceedings of courts of record." The case at bar was in the district court, and therefore outside the reasoning of the court in that case. More than that, the change we are asked to make is far more radical than was made by the Ohio court. It involves an actual substitution of one party plaintiff for another.

The judgment of the court below will be reversed, and the case remanded.

All the Justices concurring.

11   15
49  321
50  332

1. SCHOOL DISTRICTS; *Action on Treasurer's Bond; Who to be Plaintiff.* An action on the bond of the treasurer of a school district to recover a balance not paid over to his successor in office, must be in the name of the school district, and not in the name of such successor as treasurer.