THOMAS HOLERAN, AND MICHAEL HOLERAN, PLAINTIFFS IN ERROR, V. SCHOOL DISTRICT No. 17, ADAMS COUNTY, ET AL., DEFENDANTS IN ERROR.

**Official Bonds.** One S. was elected treasurer of a school district, and executed a bond to the district with two sureties conditioned as required by law. Afterwards, and during the same term of office, he executed and delivered to the district an additional bond with new sureties. In an action against the principal and sureties on both bonds for a default of the treasurer, occurring after the execution of the second bond, *Held,* that they were properly joined.

ERROR to the district court for Adams County. Tried before GASLIN, J.

*A. H. Bowen,* for plaintiff in error, cited 2 Bouvier Dic., 516. *B. & M. R. R. v. Dick & Son,* 7 Neb., 242. Bliss on Code Pleading, sec. 95. Swan's Pleading, 101. *Mowery v. Mast,* 9 Neb., 445. In this case the liability of each set of bondsmen arises upon his own separate undertaking—contract, and there is no community of interest between the parties to the several obligations; hence it cannot be said that they come within the permissive provisions of sec. 41 of the code, nor the mandatory provisions of sec. 42.

*Hewitt & Yocum,* for defendant in error.

There is but one cause of action in this case, because there is but a single wrong—the defalcation of the treasurer Thomas Shea. And defendants in error seek to recover only on his single obligation to account for the funds in his hands, as treasurer, for which the other defendants are held jointly and severally as his sureties. Hence the demand against the parties is indivisible, and the rule is well established that an indivisible demand cannot, at the will of the plaintiff, be separated and made the subject of several actions. *Beck v. Devereaux,* 9 Neb., 109. And see 2 McVey's Ohio Digest, p. 8. Swan's Pl., 32, 100. Bliss on Code Pleading, sec. 113, 118. Field on Damages, 617. 4 Ala., 607. 16 Iowa, 81. 1 How., 104.

MAXWELL, CH. J.

This is an action upon the official bonds of Thomas Shea, treasurer of School District No. 17 of Adams county.

The petition states that on the first Monday of April, 1876, one Thomas Shea was elected treasurer of said district, and thereupon executed and delivered to said district his official bond as such treasurer with Isaiah Slyter and Joseph Flick as sureties; that afterwards in July, 1878, and during said term of office, said Shea executed and delivered to said district an additional bond, signed by himself as principal and Thomas Holeran and Michael Holeran as sureties, both of said bonds being conditioned as required by law. It is alleged that said treasurer failed to account for and pay over to his successor in office the sum of $903.57, for which judgment is prayed against the sureties on both bonds.

The defendants, Thomas Holeran and Michael Holeran, demurred to the petition—*first*, because several causes of action were improperly joined; *second*, because the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled, to which the defendants excepted, and refusing to plead further, judgment was rendered against them for the sum of $963.00 and costs. They now bring the cause, into this court by petition in error.

The principal assignment of error relied on is that there is a misjoinder of causes of action—that one action cannot be maintained on both bonds. In this case the default of the treasurer is alleged to have occurred after the execution of the second bond, and both bonds have the same conditions, viz.: "that the treasurer shall faithfully discharge the duties of his office as treasurer of said school district, and shall well and truly pay over to the person or persons entitled thereto, upon the proper order therefor, all sums of money which shall come into his hands as treasurer of said district, etc." The demand against the sureties is therefore indivisible. The sureties on both bonds

are bound for the faithful performance by the treasurer of his duties, and are liable to the district for his failure to pay over to his successor in office the moneys belonging to the district in his hands. There was therefore no misjoinder of causes of action, and the petition states facts sufficient to constitute a cause of action. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.