ALBERT DREY *et al.*, Appellants, v. R. J. RIDPATH *et al.*, Respondents.

St. Louis Court of Appeals, December 18, 1894.

Mechanics' Liens: ACCRUAL OF ACCOUNT. When work done by a subcontractor is injured without his fault after its proper completion, but the original contractor refuses to pay him for it until the injury is repaired, and thereon the subcontractor, in order to get his pay, makes the repairs without charge, his account accrues for the purposes of his mechanic's lien at the time of the original completion of the work, and not at the date of such repairs.

*Appeal from the St. Louis City Circuit Court.*—Hon. DANIEL DILLON, Judge.

AFFIRMED.

*David Goldsmith* for appellants.

*William A. Kinnerk* and *Rassieur & Schnurmacher* for respondents.

(1) The lien of a subcontractor must be filed within four months after his account accrues. The account accrues when the work has been left in a completed condition, and the right of the subcontractor to maintain an ordinary action against the contractor has begun. *Bolen Coal Co. v. Ryan,* 48 Mo. App. 512. (2) Where the work of a subcontractor has been fully done, and the materials required have been fully furnished and delivered to the contractor, the subcontractor can not extend the time for filing his lien by voluntarily furnishing additional labor, either upon his own volition, or at the request of the contractor. *Scott v. Cook,* § Mo. App. 195; *Squires v. Fithian's Adm'r,* 27 Mo. 135.

BIGGS, J.—The defendant Ridpath was the original contractor for the construction of a building belonging to his codefendant, the St. Louis School of Pharmacy, The plaintiffs furnished and put in the glass for the building under a contract with Ridpath. The present action is against Ridpath for the amount of the bill, and to enforce a mechanics' lien against the building. The cause was submitted to the court without a jury, and judgment was entered in favor of the plaintiffs against Ridpath for the debt, but the finding was against them as to the lien. The plaintiffs have appealed.

The only question for decision is, whether the lien was filed within four months after the completion of the work. The circuit court decided that it was not. The facts are these: The lien was filed on the twenty-fifth day of February, 1893. The claim of the plaintiffs is that they actually completed the work on the twenty-sixth day of September, 1892, but that from some unknown cause three window panes were afterwards broken; that Ridpath insisted that they should replace them, and that he refused to pay them for the work, unless they did so; that, in order to avoid litigation, they replaced the glass on the twenty-seventh day of October, for which they made no extra charge. The bill of exceptions, after stating that the plaintiffs evidence tended to prove that the work was completed on the twenty-sixth day of September, continued as follows: "That, after having completed the furnishing of said materials and the doing of said work on said twenty-sixth day of September, 1892, as aforesaid, the said firm of Drey and Kahn left the same on said day; that shortly thereafter and on or prior to the first day of October, 1892, three of the lights furnished by said firm of Drey and Kahn, as aforesaid, and charged for in said lien account under said date of September 26, 1892, as aforesaid, were found to have been cracked; that said cracking of said three lights could have resulted from a tight glazing of said three lights by the plaintiffs or from a violent closing of the doors in or over which said three lights were set; that said three lights were not cracked when furnished by plaintiffs, as aforesaid, nor when plaintiffs completed the furnishing of said materials and doing said work on September 26, 1892, as aforesaid, and that plaintiffs had properly done the said work and had furnished said materials in good and proper condition and so left them on said September 26, 1892; that plaintiffs as such partners, as afore-

said, did on or prior to the first day of October, 1892, duly demand of the defendant, R. J. Ridpath, payment for the materials furnished and the work done by them, as aforesaid, but, said cracking of said three lights having thereafter occurred, said defendant Ridpath did demand of plaintiffs that they should, without charge therefor, replace said three lights by others which were sound, and reglaze same, and did refuse to pay plaintiffs as such partners, as aforesaid, for said materials furnished by them and said work so done by them, as aforesaid, until they should first comply with his demand; that thereon in compliance with said demand, the plaintiffs as such partners did on October 27, 1892, and without charge therefor, replace said three lights by others which were sound, and reglaze the same, and that the three lights thus furnished by plaintiffs to replace said three cracked lights were thus used in and became a part of said building.''

The defendants introduced evidence tending to prove that the St. Louis School of Pharmacy moved into the building during the first week of October, 1892; that at that time Ridpath was still at work on the building; that he failed to complete it in accordance with his contract, and that the St. Louis School of Pharmacy caused the same to be finished in October and November.

This being the proof, the court, of its own motion, gave the following instruction:

"If the court, sitting as a jury, finds from the evidence that all the materials charged for under date September 26, 1892, in the lien account read in evidence were furnished, and that all the work charged for under said date in said account was performed, and that all the material plaintiffs had contracted or agreed with defendant Ridpath to furnish and put in the house described in petition had been furnished and put

in said house, and that all the labor plaintiffs had contracted as agreed with said Ridpath to perform on or in connection with said house had been fully performed by the plaintiffs on or before September 26, 1892, and more than four months prior to the filing of said lien account, and that the account of the plaintiffs against the defendant Ridpath for said materials and work so furnished and performed and charged for accrued and actually became payable from said Ridpath to the plaintiffs on September 26, 1892; that subsequently three of the lights or panes of glass included in said materials were broken, not on account of inherent defects, or imperfect putting in, or fault on part of plaintiffs; that thereupon said Ridpath refused to pay plaintiffs for said work and materials until plaintiff should first replace said three lights or panes of glass by others which were sound; that thereupon the plaintiffs, in order to avoid dispute and to obtain their pay without delay, did, on October 26 and 27, 1892, and less than four months before the filing of said lien account, replace said three lights or panes by others which were sound; then the replacing of said three lights or panes, under these circumstances, did not serve to extend the time of the plaintiffs for filing said lien account, and the court, sitting as a jury, will accordingly find that the plaintiffs are not entitled to the lien herein claimed and sought to be enforced by them.''

The objections made by counsel for appellants to this instruction are that, according to it, the circuit court can determine when the contract of a subcontractor is completed independently of the conclusion reached in good faith by the parties to the contract, and, further, when the contract is once completed, it is not within the power of the parties to the contract to enlarge it by stipulations for additional work.   We do

not think that the instruction embodies either proposition, or that either proposition arises under the evidence. The instruction is drawn upon the theory that, if the three panes of glass were broken, *not on account of inherent defects in the glass or on account of imperfect glazing*, and that the broken glass was replaced by plaintiffs merely to avoid a dispute with Ridpath about their pay and not for the purpose of completing the contract, then the work must be considered as having been *completed* on the twenty-sixth day of September, and that plaintiff's account therefor necessarily accrued on that day. The instruction is drawn in conformity to the proof. The plaintiffs did not pretend that they and Ridpath agreed that the work was not completed on September 26, but on the contrary, their contention with Ridpath from first to last was that they had fully completed their work, and that they only consented to replace the broken panes of glass in order to get their money from Ridpath.

Neither does the instruction embody or the evidence raise the proposition, that the contract of a subcontractor can not under any circumstances be enlarged by additional work.

It was not claimed by plaintiff, nor does the evidence justify the inference, that the additional panes of glass were furnished and put in as extra work. In fact, no additional charge was made for it, as the lien account shows. We do not doubt the proposition, if the contract with the owner provides for changes and alterations and the owner agrees to pay what they are equitably worth, and charges are agreed on, and the extra work is performed by a subcontractor, that the subcontractor may include the additional work in his original account, and the account will be considered as having "accrued" from the date of the last item. But, as we have stated, we have no such case here.

It seems to us that the question here is of easy solution. The statute provides that a subcontractor must file his lien within four months "after the indebtedness has accrued." R. S. 1889, sec. 6709. An indebtedness under a building contract "accrues" when the work is completed. *Bolen Coal Company v. Ryan*, 48 Mo. App. 512. The finding of the court, that the plaintiffs completed their work on September 26 is supported by abundant evidence. In fact, the finding is in strict accordance with the testimony of the plaintiffs themselves. The lien was filed on February 25, 1893, more than four months after the completion of the work. The judgment of the court rejecting the lien necessarily followed.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.