Rodefeld v. Winklemann.

FRED RODEFELD, Appellant, v. HENRY WINKLEMANN et al., Respondents.

St. Louis Court of Appeals, April 4, 1911.

1. **INSTRUCTIONS:   Trial by Court:   Purpose of Instructions: Unnecessary Number.**  In a trial to the court, instructions are to be offered for no other purpose than to elicit the theory upon which the court tries and decides the case, and a large number of instructions, drawing numerous fine distinctions, where the issues are few and simple, does not serve that purpose, but makes it difficult for the appellate court to ascertain the views of the trial court; so that, where plaintiff, at the trial of a simple issue by the court, asks for fourteen declarations of law, which in print exceed fourteen and a half closely printed pages, they are properly refused on the ground of their bulk and number alone.

2. **APPELLATE PRACTICE:   Conclusiveness of Finding by Trial Court.**  The appellate court is concluded by a finding of fact by the trial court, unless it is opposed to the admitted facts.

3. **MECHANICS' LIENS:   Time for Filing:   Accrual of Indebtedness.**  Under the statute requiring a mechanic's lien to be filed within four months after the indebtedness accrues, an indebtedness "accrues" when the work is completed.

4. ———: ———: ———:  **"Washing Down" Building.**  In a proceeding to enforce a mechanic's lien, where, more than four months after the plaintiff sub-contractor had done his last work on the building on which the lien was sought, he "washed down" the brick work on the front of the building, a finding by the trial court that the "washing down" was not done as parcel of the continuing account for material furnished and work done under the contract, but was a mere subterfuge to revive the expired lien, *held* to be amply justified by the evidence.

Appeal from St. Louis City Circuit Court. — *Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Kurt Von Reppert* for appellant.

(1)  Appellant's indebtedness accrued, under the statutes of Missouri, on the 18th day of January, 1906,

the date on which the last work was done and the last material was furnished by him, pursuant to the contract between the owners, respondents, and the original contractor, Adolph Schatz, and pursuant to the contract between the original contractor and appellant, plaintiff. R. S. 1909, sec. 8217; Livermore v. Wright, 33 Mo. 31; Squires v. Fithian, 27 Mo. 134; Allen v. F. M. & S. Co., 73 Mo. 688; Bruns v. Brown, 35 Mo. App. 337; Miller v. Whitelaw, 28 Mo. App. 639; Iron Works v. M. & S. Co., 80 Mo. 265; Cole v. Barron, 8 Mo. App. 509; Stein v. Austin, 9 Mo. 554; Lumber Co. v. Building Co., 134 Mo. App. 323; Lumber Co. v. Harris, 107 Mo. App. 148; Mfg. Co. v. Maddox, 110 Mo. App. 57; Miller v. Wilkinson, 167 Mass. 136; Monaghan v. Putney, 161 Mass. 338; Worthen v. Cleveland, 129 Mass. 570; Cole v. Uhl, 46 Conn. 296; Nichols v. Culver, 51 Conn. 177; McIntyre v. Trautner, 36 al. 429; Hdw. Co. v. Railroad, 86 Cal. 620; Stock Yards v. O'Reilly, 85 Ill. 546. (2) It is true that the time within which mechanic's liens may be filed cannot be extended by agreement. However, where the owners or their agent request certain work to be done on the ground that it is called for by the contract and the sub-contractor, acting under that interpretation of their contract and transactions under it has proceeded to do such work, under such circumstances respondents, defendants will not be heard to claim that the additional work done at their request to complete the contract was not a continuation of the previous work done under the contract. Fire Extinguisher Co. v. Elevator Co., 165 Mo. 171; Bruce v. Berg, 8 Mo. App. 204; Worthen v. Cleveland, 129 Mass. 570; Phillips on Mechanics' Liens (3 Ed.), par. 330, pp. 576-577; same, par. 323, p. 557; Jones on Liens, Vol. 2, par. 1438, 1444, 1445, 1448, par. 1448, p. 368; Overton on Liens, par. 553; Rockell on Mechanics' Liens, par. 96, p. 346; par. 97, p. 250; par 97, p. 251; Minneapolis Trust Co. v. Ry. Co., 74 Minn. 30; New Eng. Engineering Co. v. Street Ry. Co., 76 Fed. 162; McIntyre v. Trautner, 63 Cal. 429; Lichter

v. Lumber Co., 39 Colo. 53; Stock Yorks v. O'Reilly, 85 Ill. 546; McKelvey v. Jarvis, 87 Penn. 414; Shaw v. Stewart, 43 Kan. 572; Jeffersonville v. Ritter, 138 Ind. 170.

*Wm. F. Smith* for respondents.

(1)   The trial judge was justified, if he so determined, in refusing the instructions because of their number, their length and unusual character and subject-matter alone. McQuillin on Inst. to Juries, secs. 147-160, 161; Sidway v. Mo. L. & L. S. Co., 163 Mo. 342.   (2) After a building is substantially completed, or after the brick work is substantially completed and so abandoned, the making of trivial corrections or the remedying of trivial or minor defects in the work, does not fix the date of the completion of the work so as to extend the time for filing a lien from the date the work was substantially completed and abandoned to the date of the making of such trival or minor corrections. Hayden Slate Co. v. Anderson, 76 Mo. App. 281; Drey v. Redpath, 60 Mo. App. 134; Slate Co. v. Nicholson, 97 Mo. App. 332; Hartley v. Richardson, 91 Me. 428; Santa Monica Co. v. Hege, 119 Cal. 376; Schwab v. Frieze, 107 Mo. App. 535; Hotel Co. v. Hardware Co., 56 Kan. 448; 27 Cyc., sec. 139; Jost v. Sullivan, 111 Colo. 286, 292; 13 Colo. App. 455; Sundmacher v. Lloyd, 116 S. W. 12; Machine Co. v. Water Co., 62 N. E. 649; Harrison v. Association, 134 Pa. St. 558; Johnson v. Gold, 32 Minn. 535; Brown & H. Co. v. Trane, 98 Wis. 1; Condon v. Kendell, 53 Neb. 282.

STATEMENT.—Appeal from a judgment denying a sub-contractor a mechanic's lien. The trial was to the court. All declarations of law asked were refused and the court gave none of its own motion. The vital question is whether the filing of the lien on May 16, 1906 was within four months after the indebtedness accrued,

and that in turn depends solely upon whether the last item called for by the contract was furnished, or the last work under it was done, on January 17, 1906. If it was furnished or done before that the lien was not filed in time, and plaintiff does not claim that it was done or furnished thereafter.

It appears from the evidence that one Schatz was the original contractor for the building of certain "flats" in the city of St. Louis, and sub-let the brick work to the plaintiff. There were no plans or specifications but the "flats" were to be copied after certain others already built. Plaintiff testified that he laid the last brick late in August or the first part of September, 1905. From that time until January 17, 1906, a period of over four months, it does not appear that he did any work or furnished any material. On January 17, 1906, the house was apparently completed and it appears that the owner himself had been compelled to complete it; the inference from the evidence being, that the original contractor, after getting most of the contract price, had taken to drink and abandoned the work. The owner testified that he though that the front had been "washed down." But on this day men suddenly appeared in front of the house with buckets and worked for several hours "washing down" the front. This work it seems, was done at the instance of the plaintiff. There is no pretense that the owner asked for it or complained to any one about it not having been done. In fact, as we have said, he thought the front had been cleaned. This sudden activity after his lien had otherwise expired is explained by plaintiff as having been due to an order from Schatz, the original contractor. There is no explanation for Schatz' sudden awakening to a sense of his abandoned contractual obligation. Plaintiff informs us merely that Schatz told him to "wash that thing off, and clean it off good." The defendant owners attribute plaintiff's activity on January 17th to a sudden realization of impending loss without the lien was saved.

Plaintiff testified that for several years he and Schatz had been doing work for each other and at the end of each year had made a settlement, but that at the end of this year, 1905, plaintiff could get no settlement because he "could not find" Schatz.

CAULFIELD, J. (after stating the facts).— I. Plaintiff first assigns as error the action of the trial court in refusing to give certain declarations of law. But we find that the declarations of law asked by plaintiff were fourteen in number and covered, when printed, *fourteen and one-half* closely printed pages. With the issues as simple as they were in this case, these declarations of law were well rejected on the ground of their enormous bulk alone. The practice of offering an excessive number of instructions has often been condemned when the trial was to the jury, and we see no reason for not extending such condemnation to a like practice in this trial before the court. Declarations of law are to be offered for no other purpose than to elicit from the trial court the theory on which it has tried and will decide the case. Offering a large number of instructions, drawing numerous fine distinctions, where the issues are few and simple, does not serve that purpose, but rather serves to entrap the trial court into error and to make it difficult for the appellate court to ascertain the views of the trial court. This assignment of error is overruled.

II. As to whether the plaintiff filed his lien within four months after the indebtedness accrued, the trial court evidently found that he did not and we are concluded by that finding, unless it is opposed to the admitted facts. [Hayden Slate Co. v. Anderson, 76 Mo. App. 281, 284.] The only fact in that regard that may be said to be admitted is that on January 17, 1906, the front of the building was washed down at plaintiff's instance and that the owner saw the work being done.

But that was not sufficient to establish the matter in question. The indebtedness "accrued," within the meaning of the statute, when the work was completed. [Drey v. Ridpath, 60 Mo. App. 134, 140.] In the case at bar it is conceded that the work was completed more than four months before the lien was filed unless the "washing down" of January 17th, is to be regarded as part of it. It was incumbent upon plaintiff to convince the court that the "washing down" was done by him as parcel of the continuing account for materials furnished and work done under his sub-contract for the brick work. [Darlington Lumber Co. v. Smith Bldg. Co., 134 Mo. App. 316, 318, 114 S. W. 77.] From its judgment denying the lien we assume that the court found that the "washing down" was not so done, but was a subterfuge to revive an expired lien. The state of the evidence amply justified such a finding and we have no right nor disposition to interfere with it.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.