*State ex rel.,* SHENANDOAH VALLEY NATIONAL BANK *v.* W. FRED HIETT *et al.*

(No. 9176)

Submitted September 9, 1941. Decided December 9, 1941.

*Martin, Seibert & Beall,* for plaintiff in error.
*S. Woods Byrer,* for defendants in error.

LOVINS, JUDGE:

The Circuit Court of Berkeley County, on the 16th day of November, 1940, sustained a demurrer of defendants, Aetna Casualty and Surety Company, a corporation, and M. G. Hoffman, to an amended notice of motion for judgment filed by the Shenandoah Valley National Bank; plaintiff declining further to amend the notice of motion for judgment, the lower court dismissed the proceeding, and the plaintiff therein appealed.

Hoffman and the Surety Company were proceeded against as sureties, respectively, on two supersedeas bonds executed by W. Fred Hiett upon the awarding of an appeal and supersedeas by this Court in a certain chancery cause styled Shenandoah Valley National Bank v. W. Fred Hiett et al. The amended notice of motion for judgment alleges that liability on the bonds arises from the following statement of facts:

Plaintiff instituted two chancery suits against Hiett and Effie M. Hiett to satisfy two judgments (upon promissory notes) recovered against them in a Virginia court of general jurisdiction, and caused an attachment to issue and be levied on a farm and orchard in Berkeley County, owned by Hiett. On October 15, 1938, plaintiff purchased the real estate so levied upon from a special commissioner appointed to sell the same; the sale was confirmed and a deed directed to be made to plaintiff on November 29, 1938. On the day following, plaintiff conveyed the

farm, by general warranty deed, to T. A. Cather for the sum of $11,000.00. On December 6, 1938, Hiett appeared specially in the consolidated chancery causes and moved to quash the attachment issued as aforesaid. This motion was overruled by the circuit court on December 23, 1938, and on January 16, 1939, upon the application of Hiett therefor, this Court granted an appeal from the decree of December 23, 1938. Thereafter, Hiett applied for a supersedeas to the same decree and was granted same, subject to the execution of bond in the penalty of $1,000.00, which bond was executed on February 24, 1939, before the Circuit Clerk of Berkeley County, with M. G. Hoffman as surety thereon. On April 28, 1939, upon motion of plaintiff herein, this Court ordered the execution of an additional supersedeas bond in the amount of $1,500.00, which bond was executed and approved by the circuit clerk on the same day, with the Aetna Casualty and Surety Company as surety thereon. On October 3, 1939, this Court affirmed the decree of the Circuit Court of Berkeley County, entered as aforesaid on December 23, 1938, (*Shenandoah Bank* v. *Hiett et al.,* 121 W. Va. 454, 6 S. E. 2d 769).

It is alleged that certain claims grew out of and are the direct and proximate result of the "suspension of the decrees of the Circuit Court" by the granting of the supersedeas and the subsequent effectuation of the supersedeas by the execution of the bonds.

The condition of each bond, in addition to requiring Hiett to "well and truly perform and satisfy" the decree appealed from in case the decree be affirmed or the appeal and supersedeas be dismissed, includes the following: "and shall also pay all damages, costs and fees which may be awarded against or incurred by the petitioner * * *."

The demurrer to the notice of motion for judgment presents a question of procedure which, under our view of the same, is determinative. Can the defendants, Hoffman and Aetna Casualty and Surety Company, under the state of facts here pleaded, be joined as defendants in this notice of motion for judgment? Before the princi-

pal question is discussed, it is not amiss to observe that as a prerequisite to a recovery, such as is sought here, some direct causative connection between the breach of the bonds and the alleged damage must be pleaded and proved.

This action is authorized by Code, 55-8-7, and the joinder of the sureties on the two supersedeas bonds is permissible under the theory, first advanced by this Court in *State ex rel. Connellsville By-Product Coal Co.* v. *Continental Coal Co.,* 117 W. Va. 447, 186 S. E. 119, 106 A. L. R. 83, that two separate bonds, given at different times and with different sureties, but conditioned for the same undertaking and being cumulative, may be regarded as one instrument within the meaning of that statute. It becomes necessary to look to the majority opinion in the *Connellsville* case to determine the reasoning by which two bonds with different sureties were so treated in that case. First, it is stated that such sureties for the purpose of contribution are regarded as co-sureties as if bound by one instrument, citing *Remage* v. *Marple,* 76 W. Va. 379, 85 S. E. 663; *Rosenbaum* v. *Goodman,* 78 Va. 121, and other cases and authorities. The rule thus stated seems to be a broadly accepted principle of the law of suretyship, and began with the pronouncement by Lord Chief Baron Eyre in the equity suit of *Deering* v. *Winchelsea,* 1 Cox, 318, referred to in Judge Hatcher's opinion in the *Connellsville* case. However, we say that such an equitable principle cannot be used to alter the plain language of Code, 55-8-7, wherein it is stated that "the holder of any note, check, draft, bill of exchange or other instrument of any character" may join all persons liable thereon. As stated in the *Connellsville* case, the purpose of the statute is to destroy the distinction between joint, joint and several, and several liabilities. Pomeroy Code Remedies (5th ed.) Section 301. We think it plain that such purpose is confined to the parties liable on any instrument, whether they are "makers, drawers, endorsers, acceptors, assignors or absolute guarantors," to further quote from Code, 55-8-7, and is inapplicable to parties who are liable on different instruments. In short, we fail to perceive how

the statute just mentioned can be used to coalesce the liability of sureties on different instruments when such liability is asserted in a law action. Second, the majority opinion in the *Connellsville* case refers to other jurisdictions having statutory provisions "more or less similar to ours," wherein it is uniformly held that co-sureties, though on different bonds, may be joined in one action on the bonds. We can agree as to the uniformity of the holdings mentioned, but we cannot agree as to the similarity of the statutes or the applicability of the cases cited. *Siebern* v. *Meyer*, 11 Ohio Dec. (Reprint) 344, and *Powell* v. *Powell*, 48 Cal. 234, are based on Ohio and California statutes which apparently provide for such joinder; Ohio Rev. Stat. 5019 allowing the joinder of contracts and causes of action included in the same transaction, or connected with the same subject, and California Code Civil Procedure, Section 383, permitting the joinder in one action of "sureties on the same or separate instruments." The Texas case of *Singer* v. *Ponder*, 82 Tex. 653, 18 S. W. 152, cannot apply because of the mode of pleading in that jurisdiction, wherein the distinction between law and equity has been abolished, proceedings in all civil suits being conducted by petition and answer. *Allen* v. *State ex rel. Stevens*, 61 Ind. 268, 28 Am. Rep. 673, was an equity suit involving but a single bond. *Lewis* v. *Gambs*, 60 Mo. App. 138, involves a statutory summary remedy by an administrator and not an action on the bonds. *Holeran* v. *School Dist.*, 10 Neb. 406, 6 N. W. 472; *Gilbert* v. *Board of Education*, 45 Kan. 31, 25 P. 226, 23 A. S. R. 700, and *Peoples Bank & Trust Co.* v. *Nelson*, 37 Okla. 500, 132 P. 493, hold that a joinder of sureties in the nature of that under consideration is not improper; however, this conclusion is reached in each of the three latter cases without reference to any statute. It should be noted in this connection, that in a later Oklahoma case, *Bank Bldg. Co.* v. *Riddle*, 77 Okla. 143, 187 P. 479, the joinder is based upon Section 4738, Rev. Laws 1910, which provides that plaintiff may unite several causes of action in the same petition, legal or equitable, when they arise out of the same transaction. The *Riddle* case further states that the

Oklahoma statute was taken from a Kansas statute, and that Ohio has a statute almost identical, citing *Siebern* v. *Meyer, supra.*

It must be kept in mind that in this jurisdiction the rules of equity and common law govern procedure, except where modified by statute. If there is no statute which permits the plaintiff to proceed against all the defendants and sureties on notice of motion, the misjoinder of causes of action is plain. We are not aware of such a statute. As herein indicated, the construction of Code, 55-8-7 by the *Connellsville* case will permit such joinder. However, our analysis and consideration of the authorities cited in that case and the reasoning of the majority opinion necessarily lead us to the conclusion that such construction is erroneous. We do not believe that it is logical to employ a long-established equitable principle of the law of suretyship to alter the plain language of a statute relating to procedure. The liberal rule of construction of remedial statutes does not authorize such use of that principle. Furthermore, we believe that the majority opinion in the *Connellsville* case fails to sustain the additional reason given for its construction of Code, 55-8-7, i. e., the construction placed upon statutes "more or less" similar in other jurisdictions. We have endeavored to show that each case cited is inapplicable either because the statute is dissimilar, rules of pleading differ, or the joinder is permitted under the practice obtaining in those jurisdictions without reference to any statute. We therefore disapprove point 3 of the syllabus in that case.

It is interesting to note that the *Connellsville* case appears in 106 A. L. R. 83, with an annotation, in which the following is stated to be the general rule: "The general rule is settled that different sets of sureties on several bonds having substantially the same conditions and relating to the same matter may be joined in a single action, where they are all liable on their undertakings for the breach or default for which recovery is sought." All of the cases hereinbefore discussed as cited in the *Connellsville* case, appear in that annotation in support of the general rule stated, in addition to many others. We have

examined all and find that the same distinguishing features as heretofore pointed out, prevail.

In accordance with the principles herein stated we hold that there is a misjoinder of causes of action where a notice of motion for judgment alleges breaches of two supersedeas bonds, given at different times, in different penalties, and signed by different sureties, notwithstanding such bonds were filed in the same litigation and have the same condition.

The demurrer to the amended notice of motion having been sustained and plaintiff in error not desiring to amend, the action of the court in dismissing this action was proper. *Schafer* v. *Security Trust Co.*, 82 W. Va. 618, 97 S. E. 290; *Knotts* v. *McGregor*, 47 W. Va. 566, 35 S. E. 899.

We therefore affirm the judgment of the Circuit Court of Berkeley County, basing our action solely upon the misjoinder of causes of action in the notice of motion for judgment. This holding, of course, will not abate or defeat any proceeding for recovery on the bonds herein involved, which plaintiff in error may be advised to pursue. Code, 56-4-34.

*Affirmed.*