STATE OF WEST VIRGINIA, *Which Sues for the Use and Benefit of* WALLACE R. MORRIS

*v.*

LUTHER ALBERT TAYLOR, WILLIAM RAYMOND SEAL *and* MARYLAND CASUALTY COMPANY

(CC 727)

Submitted September 16, 1947. Decided October 21, 1947.

574

*J. Raymond Gordon,* for plaintiff.

*Scherer, Bowers & File* and *Clay S. Crouse,* for defendants.

RILEY, JUDGE:

The State of West Virginia, which sues for the use and benefit of Wallace R. Morris, instituted in the Circuit Court of Raleigh County an action in covenant against Luther Albert Taylor, William Raymond Seal, principals, and Maryland Casualty Company, a corporation, surety, on two separate statutory bonds, under Code, 6-2-3, one conditioned upon the faithful discharge of the duties of Taylor, and the other upon the faithful discharge of the duties of Seal, as members of the Department of Public Safety of West Virginia, and for an accounting and paying over of all moneys which may come into their separate possession and control by virtue of their employment. The trial court having sustained a demurrer to the declaration, the sufficiency of the declaration is now before us on certificate.

The declaration alleges that the defendants, Taylor and Seal, were duly and legally qualified as members of the Department of Public Safety of West Virginia; that on June 19, 1945, each executed a separate bond unto the State of West Virginia in the penal sum of thirty-five hundred dollars, conditioned according to law, with the Maryland Casualty Company, a corporation, of the State of Maryland, authorized to do business in the State of West Virginia, as surety on both bonds.

The declaration consists of two counts, in each of which both principals were joined, together with the surety

company, and liability pleaded on both bonds in the aggregate amount of seven thousand dollars.

The circuit court on its own motion certified to this Court its ruling on the demurrer.

It is contended by the defendants that there is a misjoinder of parties defendant and causes of action. On the other hand plaintiff asserts (1) that this objection to the declaration cannot be raised by demurrer, and that a plea in abatement is the only proper remedy; and (2) that the action entails no misjoinder of parties or actions.

In this jurisdiction a misjoinder of causes of action and parties defendant may be raised on demurrer. *State ex rel. Shenandoah Valley National Bank* v. *Hiett,* 123 W. Va. 739, 17 S. E. 2d 878, 137 A. L. R. 1041. In *Stewart* v. *Tams,* 108 W. Va. 539, Pt. 3, Syl., 151 S. E. 849, this Court held: "The common law rule remains unchanged in this jurisdiction, that if there is a misjoinder of parties defendant in an action *ex contractu,* appearing on the face of the declaration, any of the defendants may raise that question on demurrer." The defendants, having filed a written demurrer in which the question of misjoinder of actions and parties was expressly asserted as one of the grounds for demurrer, the question of misjoinder was properly raised.

In *State ex rel. Shenandoah Valley National Bank* v. *Hiett, supra,* this Court overruling *State ex rel. Connellsville By-Product Coal Co.* v. *Continental Coal Co.,* 117 W. Va. 447, 186 S. E. 119, 106 A. L. R. 83, on the immediate question of joinder of actions and parties, held that under a proper analysis of Code, 55-8-7, dealing with actions against "makers, drawers, indorsers, acceptors, assignors, or absolute guarantors" on any instrument, whether negotiable or not, or any persons liable on any contract for money, does not permit the joinder of sureties as parties defendant in a notice for judgment for the recovery on two separate supersedeas bonds, filed in the same proceeding, containing the same conditions though the bonds

were made at different times in different penalties and signed by different sureties. The instant case differs from the *Hiett* case only in that the bonds in the latter case were made at different times, were in different penalties and signed by different sureties. In our opinion the fact that the bonds in the *Hiett* case were signed at different times and were in different penalties is of no moment. The deciding factor in that case was that there was a misjoinder because those bonds were signed by different sureties. In the instant case, though the sureties on the two bonds are the same, the principals thereon are separate persons. The bonds therefore constitute separate and distinct obligations of two principals who have no connection with each other, except that both are members of the Department of Public Safety of West Virginia. This renders the declaration defective and justified the circuit court of Raleigh County in its action in sustaining the demurrer. To hold otherwise an incongruous situation would occur in the event a jury trial was had on the instant declaration. In the event the jury should believe that both defendants were guilty of breach of the covenant, but the breach of one of the principals was more grave than that of the other, the jury would be unable to award just and proper damages as between the two principals because an action in covenant does not permit the rendition of two separate verdicts.

*Ruling affirmed.*