THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

*v.*

PRESLEY J. CURRY *et al.*

SURETIES OF ADMINISTRATOR—*effect of giving an additional bond.* A new or additional bond, given by an administrator under section seventy-eight of the Statute of Wills, can not operate to discharge his sureties in the original bond.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

Mr. B. B. SMITH and Mr. H. H. CHESLEY, for the appellant.

Mr. A. SHAW, Mr. W. B. COOPER and Mr. R. P. HANNA, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This is a suit upon an administrator's bond, executed by Curry, as administrator, and Moore and others, as securities.

There are a number of unnecessary pleas and replications, and from an examination of the record, it is somewhat difficult to determine the exact state of the pleadings.

The principal assignment of error, the determination of which disposes of the case, is the overruling of the demurrer to the sixth special plea.

That plea is substantially as follows :

That after making the bond sued on, and while Curry was administrator, it was suggested to the county court, by William H. Hanna and others, that the administrator had been committing waste of the estate ; that he was notified, and thereupon the county court made an order, requiring him to execute an additional bond, with security ; that in pursuance of such order the administrator appeared in open court, with William H. Hanna as his security, and they executed an additional bond, in the same penalty as the bond in suit ; that the same was approved by the court, and by means thereof, Moore, the obligor in the original bond, was released.

This plea avers no facts which constitute a bar to this suit, and the demurrer should have been sustained.

The bond referred to in the plea, was executed under sec. 78, and not sec. 79, of the Statute of Wills. There is marked difference between the two sections.

Section 78 provides, that if the security of any executor or administrator originally was not good, or if the same should become insufficient, the court, upon the application of a distributee, creditor or other person interested in the estate, might require other and sufficient security, and in default that the letters should be revoked.

By no distortion of language can we construe this section, as intended to weaken or in any manner affect the original bond, or to discharge the obligors. There are no words, express or implied, which would justify the construction. The language is, " other and sufficient security " shall be required. There is not a word, not an intimation, that this additional bond shall operate as a discharge of the original bond. In

the absence of the express enactment of the legislature to that effect, so to hold would be unwise and odious judicial legislation.

Section 79 has also been cited by counsel. That section provides, that upon the application of the securities of executors or administrators, alleging mismanagement of the estate, the court may require them " to give good counter security to save them harmless, or to give a new bond, and such new bond shall have relation back to the time of granting letters," etc.

Under sec. 78, a distributee, creditor, or other person interested in the estate, may act.

Under sec. 79, only the securities can make the application.

In the former, it is not said that the liability under the new bond shall relate to past transactions.

In the latter, it is expressly provided, that the new bond shall have relation back to the granting of letters, and makes the bond as effectual as if it had been executed before the letters were granted.

Hanna, the security upon the new bond, was not a security upon the original bond, and had no right to make the application under sec. 79.

The case of the *People* v. *Lott et al.* 27 Ill. 215, has been referred to in support of the plea.

In that case the application was made by one of the sureties of the administrator, and the reasoning of the court is entirely applicable to sec. 79.

The bond set up in the plea in this case, is merely an additional bond under sec. 78, and presents no bar to recovery.

The judgment is reversed and the cause remanded.

                                        *Judgment reversed.*