## BARBARA BECKER

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon November 11, 1896.*

1. PLEADING—*when court does not abuse its discretion by not allowing plea.* After joinder of issue upon a plea of *nil debet*, without demurrer, it is not an abuse of discretion for the court to refuse to allow a plea of *release*, as release may be proved under *nil debet*.

2. EVIDENCE—*effect of permitting witness to testify as to amount due on bond.* Where the appeal bond sued on and the orders of affirmance of the Appellate and Supreme Courts are in evidence, it is improper to permit a witness to testify as to the amount due upon the bond, but such testimony is not ground for reversal.

3. SAME—*exclusion of evidence already in the record.* Where evidence is in the record, given by one party and not withdrawn, the refusal of the court to admit the same evidence when proffered by the other party is not ground for reversal, where the court considers the evidence the same as if given by such other party.

4. SURETY—*successive appeal bonds are cumulative securities.* A surety upon a *supersedeas* bond filed on appealing a *quo warranto* proceeding to the Appellate Court is not released from liability on such bond by the execution and approval of a bond, with a new surety, for a further appeal of the cause to the Supreme Court, the bonds being in such case cumulative securities.

5. APPEALS AND ERRORS—*errors in favor of party complaining are harmless.* One against whom a judgment has been rendered cannot be heard to object, upon appeal, that the judgment was for too small an amount.

*Becker* v. *People*, 63 Ill. App. 333, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

WILLIAM S. YOUNG, and JOHN REID McFEE, for appellant:

The same rigorous rule prevails as to the contract of a surety contained in an appeal bond as in any other contract which he, as surety, may make. *Nafsinger* v. *Hartnett*, 84 Mo. 552; Brandt on Suretyship, sec. 97.

The execution of a second appeal bond operates as a release of the surety on the former, on the ground that the second appeal extends the time of payment and deprives the surety on the first bond of the right of forcing the principal to pay and thereupon proceeding against him. Brandt on Suretyship, sec. 394.

JACOB J. KERN, State's Attorney, (T. A. COFFEY, MAX RIES, and E. S. BOTTUM, of counsel,) for the People.

Mr. JUSTICE BAKER delivered the opinion of the court:

By a judgment of the circuit court of Cook county, in a *quo warranto* proceeding, Frank Becker was ousted from the office of justice of the peace and fined $1000. To reverse that judgment the defendant sued out from the Appellate Court a writ of error to the circuit court, which was made a *supersedeas* upon his filing a bond in the Appellate Court. Barbara Becker, the appellant here, was the surety on the bond. The Appellate Court affirmed the judgment. From said judgment of affirmance the defendant appealed to the Supreme Court, and gave an appeal bond with one P. P. Kern as surety. The Supreme Court affirmed the judgment of the Appellate Court. Thereafter the People, appellees here, sued Frank Becker, in the Superior Court of said county, in an action of debt upon the covenant contained in the *supersedeas* bond, in which he was principal and Barbara Becker surety. Judgment was rendered against him by default. By a *scire facias* proceeding Barbara Becker was made a party to that judgment, and judgment rendered against her for $1000. She thereupon appealed to the Appellate Court for the First District, where said judgment was affirmed, and now prosecutes this further appeal.

It appears that to the *scire facias* the pleas of *nil debet*, *non est factum* and *nul tiel record* were filed, and that there was a joinder of issues on these three pleas. Afterwards appellant moved the court for leave to file an additional

plea of release, and filed an affidavit in support of her
motion. The court, however, overruled the motion and
refused to allow the plea of release to be filed. This
ruling is assigned for error. It was a matter in the sound
discretion of the court to permit this plea to be filed after
issues joined in the cause, and it is manifest that there
was here no abuse of that discretion. Under the plea of
*nil debet*, in which appellees joined issue instead of demur-
ring, any matter might have been given in evidence which
showed that nothing was due at the time of the plead-
ing, and a release or any other matter in discharge of
the debt might have been proven. (Chitty's Pl. sec. 481;
Gould's Pl. chap. 6, sec. 12.) Consequently, the rights
of appellant were in no way prejudiced by the ruling of
the court denying her motion.

At the trial one E. S. Bottum, a witness in behalf of
appellees, was permitted, over the objection of appellant,
to testify as to the amount due upon the bond sued on,
and it is claimed that the court erred in admitting this
testimony. The bond was itself in evidence, as, also,
were the orders of affirmance of the Appellate and Su-
preme Courts in the suit in which the bond was given.
So this testimony, while no doubt improper, was merely
superfluous, and worked no injury whatever to appellant.

It is urged that the trial court erred in excluding
certain evidence proffered by appellant, to-wit, certified
copies of the order of the Appellate Court granting an
appeal to the Supreme Court in the *quo warranto* pro-
ceeding, of the order approving the bond filed on appeal
to the latter court, and of the appeal bond filed on such
appeal. Certified copies of said orders and bond are in
the record, having been given in evidence by the appel-
lees and not withdrawn. Therefore,—and for the further
reason that the record shows that upon motion of appel-
lant that the court should consider and dispose of said
evidence "just as if the same, when offered by the defend-
ant, Barbara Becker, had been received in evidence," the

court concurred in such contention and did so consider said evidence,—it is immaterial whether the ruling of the court here complained of was technical error or not. This question is of no importance in this case for still another reason, which will appear in the discussion of the question next presented.

It is contended that the copies of said orders and bond introduced in evidence by appellees showed upon their face that the appellant was discharged from all liability upon the bond sued on. In other words, the claim is that the appeal bond filed and approved on the appeal from the Appellate Court to the Supreme Court in the *quo warranto* proceeding operated as a release of appellant as surety on the *supersedeas* bond. The *supersedeas* bond and the appeal bond were in the same penalty, and were both conditioned for the payment of the judgment of the trial court and the costs rendered and to be rendered,— the one in case the judgment of the trial court should be affirmed, and the other in case the judgment of the Appellate Court should be affirmed.

The position assumed by counsel for appellant in this behalf is not in consonance with the decisions of this court. In *People* v. *Curry*, 59 Ill. 35, where it was held that a new or additional bond given by an administrator under section 78 of the Statute of Wills cannot operate to discharge his sureties in the original bond, it was said: "There is not a word, not an intimation, (in the statute,) that this additional bond shall operate as a discharge of the original bond. In the absence of the express enactment of the legislature to that effect, so to hold would be unwise and odious judicial legislation." In *McCall* v. *Moss*, 100 Ill. 461, a decree had been rendered in the trial court for $36,000, and on an appeal to the Appellate Court an appeal bond had been given in the sum of $40,000. The decree was affirmed on that appeal, and on a further appeal to this court an appeal bond in the sum of $300 was given. On the question whether the latter bond was for

a sufficient amount, it was held that in case of an affirmance by this court of the judgment of the Appellate Court the appeal bond given on the appeal from the trial court would stand as security for the decree rendered in that court, and that as the appeal bond given on the second appeal was sufficient in amount to cover the costs in this court that was all that was required. In *Ennor* v. *Galena and Southern Wisconsin Railroad Co.* 104 Ill. 103, the question presented was the same as that before the court in the *McCall case*, and the decision was to the same effect. In *Chester* v. *Broderick*, 131 N. Y. 549, the rule that an appeal bond executed on an appeal from the judgment of affirmance of an appellate court does not operate to discharge the bond given on the first appeal is recognized.

The cases of *Sharp* v. *Bedell*, 5 Gilm. 88, *People* v. *Lott*, 27 Ill. 215, and *International Bank* v. *Poppers,* 105 id. 491, cited by counsel, do not sustain appellant's contention. They are not in point. In the first of these cases an appeal had been taken from a judgment of a justice of the peace to the circuit court of Hancock county, and the appeal bond was conditioned for the payment of "whatever judgment might be rendered by the circuit court of Hancock county," etc. After the appeal had been taken the venue was changed to the circuit court of McDonough county, where the judgment appealed from was affirmed. In a suit upon the bond it was held that if the condition of the bond had been as prescribed by the statute, viz., for the payment of whatever judgment might be rendered by "the court" upon dismissal or trial of the appeal, the sureties would have been liable, but that having instead bound themselves for the payment of such judgment only as should be rendered by "the circuit court of Hancock county," their liability was limited to such judgment as should be rendered in that court, and could not be extended by implication beyond the terms of the contract. In *People* v. *Lott* the bonds involved were administrator's bonds, and the second of

them was given under the 79th and 80th sections of the Statute of Wills, and the decision was as to the proper construction of those sections of the statute. In *International Bank* v. *Poppers* the court was called upon to construe the 19th section of the Forcible Entry and Detainer act, and it was held that "the language of the statute" showed that it was intended the execution of the new bond should release the sureties on the prior bond. It is true that in *Winston* v. *Rives*, 4 Stew. & Port. 269, the Supreme Court of Alabama holds the law to be as here contended for by appellant; but the reasoning by which that court reached its conclusion does not seem to us to be sound, and we adhere to the doctrine to which this court has already committed itself.

It is said that because of the appeal to the Supreme Court appellant was deprived of the right to at once pay the judgment against her principal, and to have immediate execution against him, in order to reimburse her; and it is argued that she was injured by such postponement, and that, the appeal having been taken without her assent, the second bond should be held to release her from liability. In so far as appellees are concerned the securities were cumulative, and they had their election to sue on either bond. Appellees are in no way responsible for the injury of which appellant complains. Indeed, the appeal from the judgment of the Appellate Court was manifestly against their interests. The surety on the second bond, through whose instrumentality the judgment debtor was enabled to prosecute the appeal, is the party to whom appellant must charge the injury, and if she has any remedy it is against him. The question, however, of the respective rights of the two sureties, as between themselves, in no way affects the appellees, and we are not here called upon to decide it.

Our conclusion is, that the evidence in question did not show that appellant was discharged from liability.

The last assignment of error is, that the trial court erred in entering judgment for only $1000 when it should have given judgment for a larger amount. This claim does not merit serious consideration. Appellant cannot be heard to object because the judgment entered against her was for too small a sum. The fact that there was no formal *remittitur* filed, in no way injured her.

We find no substantial error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*