## Eva Aurand v. Ambrose J. Aurand and Henry R. Huntington.

1. Bonds—*Successive Instruments, When Cumulative in Effect.*— The court holds in this case that the securities given by the two successive bonds are cumulative in effect and that the giving of the second does not discharge the former.

Error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed February 5, 1900.

Statement.—This suit was begun by plaintiff in error in an action of debt and upon an appeal bond. The appeal, to perfect which the bond sued upon was given, was to this court from a decree of the Circuit Court. The declaration counted upon this bond only. Pleas were filed by defendants in error, who were defendants in the court below. Upon issue joined the cause proceeded to trial. At the commencement of the case counsel for plaintiff in error, the plaintiff there, announced, by way of an opening statement to court and jury, that the appeal upon which the bond sued upon had been given was afterward determined in this court by an affirmance of the decree of the trial court, and that thereafter an appeal from the judgment of

this court had been taken to the Supreme Court, and that upon such latter appeal another appeal bond had been given to secure the payment of the decree and costs. It was also stated that the second appeal bond was in the same penalty and was executed by the same parties, principal and surety. It was also announced that the second bond " had been paid, with the exception of a small amount." At the conclusion of this statement by counsel for the plaintiff, the court of its own motion directed the jury to return a verdict for the defendants. The instruction was in terms as follows :

" The jury are instructed that upon the statement of the plaintiff's case, as made by counsel for plaintiff, there can be no recovery in this case, and your verdict must be for the defendant."

From judgment upon a verdict returned in compliance with this direction, the appeal here is prosecuted.

F. S. MURPHY and JOHN W. BANTZ, attorneys for plaintiff in error.

MILFORD J. THOMPSON and HARRY JESSUP, attorneys for defendants in error.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The only question presented for our determination is as to whether the statement of counsel for appellant at the opening of the trial below disclosed such a state of facts as precluded a right of recovery. The payment of a part of the amount due upon the second bond was not sufficient to preclude a right of action for whatever remained unpaid. It was, therefore, solely upon the effect of the giving of the second appeal bond that the action of the trial court must have been based. But the giving of the second appeal bond did not operate to supersede and discharge the obligation created by the first bond. The securities thereby created were cumulative. Notwithstanding the giving of the new bond upon the second appeal, the obligation of the bond

sued upon, given upon the first appeal, could be enforced. There had been no enforcement of the obligation of the second bond, so far as is disclosed, but merely a payment on account of such obligation, and in part only. Therefore neither the first nor the second of the appeal bonds was wholly discharged, and each remained to that extent enforceable against defendants in error.

It is quite well settled that the securities thus given by the two successive bonds are cumulative in effect and that the giving of the second does not discharge the former. Becker v. The People, 164 Ill. 267.

It was, therefore, error to exclude evidence and to instruct the jury peremptorily to return a verdict for the defendants.

It is impossible to determine from the abstract of the record whether the cross-errors argued are of importance. There appears nothing by which to determine the relative dates of the orders for cost bond, and dismissing and reinstating the suit. If the record itself be searched the defendants in error gain nothing, for it is disclosed that although cross-errors are argued, none are assigned upon the record.

The motion of defendants in error to dismiss the writ of error is denied.

The judgment is reversed and the cause is remanded.