## Eva Aurand v. Ambrose J. Aurand et al.

1. APPEAL BONDS—*Effect of One Given on Appeal from the Appellate to the Supreme Court upon One Given on an Appeal from the Circuit to the Appellate Court.*—The giving of an appeal bond on an appeal from the Appellate to the Supreme Court, does not operate to supersede and discharge the obligation created by a bond given on appeal from the Circuit to the Appellate Court, nor does the payment of the amount secured by one satisfy the amount due upon the other. The two securities are cumulative.

Debt, on appeal bonds. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed November 26, 1901.

JOSEPH J. SIMMONS, attorney for plaintiff in error.

No appearance by defendants in error.

OPINION PER CURIAM.

Two actions of debt on appeal bonds for $1,000 each were begun. The two cases were consolidated and heard together in the Circuit Court (Nos. 156,011 and 186,723), being, respectively, to assess damages on breach assigned on the bonds given on appeal to this court from the Circuit Court, and on appeal from this court to the Supreme Court.

The Circuit Court held, in effect, that there was a satisfaction of both bonds by the showing that one of them had been paid.

We do not think so.   The decree was for $30 a month alimony due the wife, and was for a sum constantly being augmented, as fast as the installments of alimony matured.

The giving of the appeal bond on the appeal from this court to the Supreme Court, did not operate to supersede and discharge the obligation created by the bond given on the appeal from the Circuit Court to this court, nor did the payment of the amount secured by the first satisfy the amount due on the last.   The two securities were cumulative and were liable until paid.   Aurand v. Aurand, 87 Ill. App. 29;  Becker v. The People, 164 Ill. 267.

Huntington, the surety, who signed both bonds, will continue liable until payment of both bonds is made.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.

