## Laura L. Arthur, Plaintiff in Error, v. John J. Doyle et al., Defendants in Error.

### Gen. No. 14,789.

BONDS—*right to recover upon successive appeal bonds.* If there have been several appeals from different judgments rendered by different courts in an action of forcible detainer, upon each of which appeals bonds have been given, with different sureties upon each, a recovery upon one of such bonds, although not for the full amount thereof, will not bar an action upon the second bond for additional damages for the unlawful withholding of the premises in question accruing after it had been given.

BAKER, J., dissenting.

Action of debt. Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed December 23, 1909. Rehearing denied January 10, 1909.

Statement by the Court. This is an action by plaintiff in error to recover from defendants as principal and sureties upon an appeal bond. The bond upon which this action was brought is the second of two appeal bonds given in the same forcible entry and detainer suit. The first was a bond in the penal sum

of $1,000 given upon appeal to the Circuit Court from the judgment of a justice of the peace. The second is a bond in the penal sum of $1,500 given upon appeal to the Appellate Court from the judgment of the Circuit Court. The condition of the first bond was substantially the same as the condition of the second bond, which in part is as follows: that "if the said John J. Doyle shall prosecute said appeal with effect and pay all the rent then due or that may become due before the final determination of the suit, and also all damages and loss which the plaintiff may sustain by reason of the withholding of the premises in controversy and by reason of any injury done thereto during such withholding until the restitution thereof to the plaintiff, together with all costs that may accrue in case the judgment from which the appeal is taken is affirmed or appeal dismissed then the above obligation to be void." The sureties on this second bond of $1,500 are Peter Doyle and William H. Griffin; the only surety on the first bond was Peter Doyle.

The defendant, John J. Doyle, remained in possession of the premises until September 30, 1906, the lease having expired by its terms October 31, 1905. The rent under the lease is stated to have been "payable in monthly installments of $100 each," and no rents were paid after October 31, 1905. It is averred the value of the use and occupation from that date to September 30, 1906, was $1,350, and the costs were $150. On January 21, 1907, the Appellate Court affirmed the judgment of the Circuit Court (Doyle v. Arthur, 132 Ill. App. 131) in the forcible entry and detainer suit.

February, 7, 1907, the plaintiff brought a separate suit upon each of the said appeal bonds in the Municipal Court. Upon the 20th of April judgment was rendered in the suit upon the first bond taken upon the appeal from the judgment of the justice of the peace, said judgment being for $1,000 debt and $289.52 damages, the debt to be discharged upon payment of the damages, and costs. This judgment was paid and sat-

isfied. Subsequently the present suit upon the second bond in the penal sum of $1,500 came on to be heard in the Municipal Court, and a jury returned a verdict in favor of plaintiffs for $1,500 debt and $1,200 damages. A motion for a new trial was however granted, and upon the second trial the court directed a verdict assessing the plaintiff's damages at $8, an item of costs admitted by the defendants. The trial court held that plaintiff was barred from recovering on this second appeal bond by the recovery and payment of the judgment for $289.52 damages in the suit on the first appeal bond.

From the judgment rendered accordingly this appeal is taken.

STEELE & THOMPSON, for plaintiff in error.

GEARON & GEARON, for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The theory upon which the cause was disposed of by the Municipal Court is said to have been that the plaintiff is estopped from recovery on the second appeal bond by payment of a prior judgment on the first appeal bond; that plaintiff's damages had all accrued when the separate suits were brought on the bonds, and when the judgment was rendered on the first; that plaintiff's claim consisted of a single indivisible item of damages against a *tort feasor,* and that by splitting her claim, plaintiff released the defendants from all liability on the second bond.

On the other hand it is urged in behalf of plaintiff that the appeal bonds were cumulative and that payment of damages recovered upon the first appeal bond is not a bar to recovery of other damages in the suit upon the second bond given to secure payment of damages sustained by reason of a second appeal to the Appellate Court, where as in this case the sureties upon the second bond are not the same as upon the

first bond upon which judgment has been rendered and satisfied. In Met. W. S. El. R. R. Co. v. McDonough, 87 Ill. App. 31, it was said: "It is quite well settled that the securities thus given by the two successive bonds are cumulative in effect and that the giving of the second does not discharge the former. Becker v. The People, 164 Ill. 267;" and it is further said that "neither the first nor the second of the appeal bonds was wholly discharged and each remained to that extent enforceable against defendants in error." In McCall v. Moss, 100 Ill. 461, cited in Becker v. The People, *supra,* p. 270, it was held that in case of an affirmance by the Supreme Court of the judgment of the Appellate Court, "the appeal bond given on the appeal from the trial court would stand as security for the decree rendered in that court, and that as the appeal bond given on the second appeal was sufficient in amount to cover the costs" in the Supreme Court, that was all that was required. To the same effect are Ennor v. G. and S. W. Rd. Co., 104 Ill. 103. It would seem to follow that recovery can be had upon both the appeal bonds to the extent of the damages thereby secured.

It is contended in plaintiff's behalf, that even assuming "damages for the tortious withholding of the premises for the entire period" constituted a single item, plaintiff could still maintain separate suits for the reason that the cause of action had been voluntarily split by the defendants in giving two bonds, thus waiving any right to urge such objection. In McDole v. McDole, 106 Ill. 452-458, it is said that "a party cannot split an entire cause of action and bring two or more suits to recover different portions of the same debt." In the case at bar the penal sum of the first bond given on appeal was $1,000, and of the second bond $1,500. Apparently neither bond is regarded by plaintiff as sufficient to cover her damages for use and occupation of the premises described in the original forcible entry and detainer suit. The bonds were taken by the respective courts and if neither of them

alone covers the full amount the plaintiff is entitled to recover, it is not because the plaintiff "split an entire cause of action," but such "splitting," if any there was, was involuntary on her part. In McCarthy v. Chimney Construction Co., 219 Ill. 616-624, it is said: "Appellee's consent to the execution of the bond was not required, so that the giving of the bond was not in any sense the act of appellee." It is said however that plaintiff might have proved damages in her suit on the first bond up to $1,000, but instead of so doing took judgment for only $289.52, which the defendant promptly paid. The cause of action was not split by plaintiff when suit was begun on both bonds, and if it be true that the evidence of damages for use and occupation or other damages claimed, which was introduced in the first suit, covered only damages caused by the first appeal, secured by the first bond, it would appear that such items of damages constituted a distinct cause of action from such as may have been suffered by reason of the second appeal secured by the second bond. It may well be that such items of damages were distinct and separate and easily divisible. Especially may this be true as to the use and occupation. If the demands were "capable of division into two separate and distinct causes of action" (McDole case, *supra,* p. 458), then the judgment on the first bond would not bar the suit on the second. In People v. Compher, 14 Ill. 446-455, an action brought in 1850 under the statute then in force and cited in the McDole case, *supra* (p. 450), it was expressly held that any breach of the conditions of the bond for which damages have not already been assessed forms the proper subject-matter of a new assignment and assessment." We are of opinion upon principle that damages not assessed on the first bond might properly be recovered on the second against different defendants. What the facts are as to the damages so recovered on the first bond, and whether the damages sought to be recovered on the second bond were included in the first recovery, can only be determined from the evidence. It is however

apparent from the evidence that the judgment recovered on the first bond was inadequate to cover the loss of rent and damages suffered by the plaintiff, because of the defendants' unlawful withholding the demised premises, pending the final determination of the appeal. In Chicago Opera House v. Paquin, 70 Ill. App. 596-598, a somewhat similar question arising out of a suit in forcible entry and detainer was involved. It was held that a finding for defendant upon the plea of former recovery was erroneous, that "the fact that the Opera House Company in its suit upon the appeal bond recovered for rents up to the amount of the bond, $500, did not debar it from recovering in a suit against Paquin alone for the $391 additional rent. It is absurd to say that having elected to sue on the bond for rents it thereby elected to abandon all further claim against Paquin." It is claimed by defendants' attorneys that case is not in point because the plaintiff recovered in the first suit the full amount of the bond, whereas in the case at bar plaintiff recovered in the first suit only $289.52 damages when she might have recovered up to $1,000. We are unable to see why upon principle the plaintiff should be estopped from recovering on the second bond against different sureties any damages otherwise recoverable on that bond, merely because she did not recover in the first suit against other sureties all that she ought to have recovered in that action, up to the full penalty of the first bond. If her damages recovered had exhausted the full amount of the first bond, and she could then recover further damages on the second, it is difficult to see why she cannot recover such damages even though she did not fully exhaust in the first suit the amount of the first bond. Plaintiff suggests that if she had introduced upon the trial on the first bond evidence of all damages which had accrued and had recovered the full sum of $1,000 she might then have been estopped from submitting any of the same·evidence in the suit upon the second bond; but urges that having submitted entirely new evidence of damages on the trial of the issues on the second

bond, she is entitled to recover whatever damages the evidence warranted. In Alexander v. Loeb, 230. Ill. 454, appellees recovered on an appeal bond given in a case of forcible entry and detainer conditioned as in the case at bar, and subsequently recovered a second judgment in an action of debt to recover double rent under the statute and (R. S., chap. 80, sec. 2) upon a covenant of the lease providing for payment of $20 for each day the tenant should hold over. The court said: "The parties to this suit are not the same as to the suit on the appeal bond. There only one of the appellants and his bondsman, Loeffler, were parties defendant. Under the conditions of the appeal bond appellees could not have recovered in that case for double rent or for $20 per day liquidated damages." It was held that "Under the authorities cited and upon principle, the suit on the appeal bond and the payment of the judgment therein cannot be held to have merged this suit in that judgment or to act as a bar to recovery herein." As in that case, so in this, it is we think "manifest that in accepting the payment of damages" on the first appeal bond plaintiff did not intend to waive the claim for any remainder of her damages.

It is urged that the judgment on the first bond is *res adjudicata* as to damages the plaintiff was entitled to recover. While as said in Hanna v. Read, 102 Ill. 596-604, notwithstanding the parties to the former and present suits are not the same, it is sufficient for the purposes of the rule relating to a former adjudication when relied on as an estoppel, that the parties be substantially the same, we are of opinion nevertheless that the case at bar is not within the meaning of that rule. There is a third party defendant, an additional surety upon the second bond, so that the second bond is not only given to secure damages occasioned by a separate appeal, but is executed by an additional surety whose liabilities or rights were in no way involved in the suit upon the first bond.

While the actual question here involved does not seem to have been directly adjudicated in any of the

cases cited by counsel, we are nevertheless of the opin-- ion that the plaintiff is entitled to maintain this action for the recovery of such additional damages, if any, as the evidence may justify, crediting the defendants with the amount recovered in the former suit.

The judgment of the Municipal Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Baker dissenting.