## ST. LOUIS SMELTING & REFINING CO. v. WYMAN.

(Circuit Court, D. Colorado. October 16, 1884.)

EJECTMENT—ERROR TO SUPREME COURT—SUPERSEDEAS BOND—RENTS AND PROFITS.

A *supersedeas* bond in an ejectment case covers rents and profits accruing pending the proceedings in error to the supreme court.

At Law.

BREWER, J., (orally.) In No. 1,156, St. Louis Smelting & Refining Co. v. Wyman, the facts are these: Plaintiff obtained a judgment in ejectment. Defendant took the case to the supreme court of the United States, and gave a *supersedeas* bond. Judgment was affirmed, and the question is whether that bond covers the value of the use and occupation, or the rents and profits, of the land subsequent to the judgment in the circuit court, and before the affirmance in the supreme

court. But for language to be found in one or two opinions of the supreme court, I do not think there would be the slightest question.

The section of the statute, which is in Desty, (section 1000,) provides that every justice or judge signing the citation shall take good and sufficient security that the plaintiff in error shall answer all damages and costs where the writ is a *supersedeas.* That he shall answer *all* damages! Now, when the judgment is entered in the circuit court, the right of the plaintiff to the possession of the property is established. He is entitled to the immediate possession, and to the rents and profits that thereafter shall arise therefrom. If by proceedings in error and a *supersedeas* bond he is deprived of that possession, and so, pending the proceedings in error, loses those rents and profits, certainly he is damaged to that extent; and if the *supersedeas* bond is to answer all damages, it should answer for those rents and profits. I do not see any logical escape from that reasoning.

The supreme court have made a rule under that section intending to carry it into effect. I do not think by any rule they can limit the scope of that section, or nullify its operation; and while I have as enlarged notions, perhaps, as any one as to the powers of a court, especially the supreme court, I do not think they can go far enough to nullify any of the acts of congress. It is unnecessary, perhaps, to turn to the rule. It attempts to specify the form of the bond, and what it shall answer; and in the case of *Omaha Hotel Co.* v. *Kountze,* 107 U. S. 378, S. C. 2 Sup. Ct. Rep. 911, a majority of the court held that a *supersedeas* bond in a foreclosure case did not cover the rents and profits of the realty mortgaged accruing pending the proceedings in error. A very lengthy and elaborate opinion was filed by Mr. Justice Bradley. In it he intimates that the same rule might apply in ejectment cases, but does not distinctly say so, and draws a distinction between ejectment and foreclosure cases, in that in the latter the complainant can protect himself by a receiver. Even in that case, the only two members of the court who were members at the time the rule was announced, Messrs. Justices Field and Miller, dissented, and dissented in a very vigorous opinion on the part of Judge Miller.

While, I say, there is an intimation in that opinion that the same rule might apply in an ejectment case, it is not so decided. A distinction is drawn between ejectment and foreclosure cases, so that, notwithstanding that intimation, I think that I ought to follow what seems to be, to my mind, the clear and unanswerable logic, and that is to hold that a *supersedeas* bond in an ejectment case covers rents and profits accruing pending the proceedings in error. So, in accordance with the stipulation which was filed, judgment will be entered in favor of the plaintiffs for $2,000.