## Fidelity Deposit Company of Maryland v. Julia M. Cooney.

### Gen. No. 12,573.

1. APPEAL BONDS—*given upon successive appeals cumulative.* Bonds given upon successive appeals are cumulative in effect and the giving of the second does not discharge the first. The obligee may proceed upon either or both until he has obtained satisfaction of his judgment. They are separate contracts given to secure the payment of the same debt, and until that debt is liquidated the obligors in either are not advantaged by the fact that the creditor has brought an action upon the other.

2. EXECUTION—*when motion to stay, because of pendency of another suit, properly denied.* Such a motion, for such a reason, is properly denied where no evidence is offered in support of the motion which tends to show the pendency of such other suit.

Action of debt. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1905. Affirmed, with damages. Opinion filed July 2, 1906.

LAWRENCE & FOLSOM, for appellant.

McCLELLAN & SPENCER, for appellee.

PER CURIAM. Appellee sued appellant upon an appeal bond in the penal sum of $6,500. It appeared that July 15, 1903, appellant executed this bond jointly and severally with the United States Wringer Co. It contains the following condition:

"The condition of the above obligation is such, That whereas, the said Julia M. Cooney did, on the 27th day of June, A. D. 1903, in the Superior Court of Cook County, in the State aforesaid, and of the June term thereof, A. D. 1903, recover a judgment against the above bounden The United States Wringer Company for the sum of five thousand two hundred and ten dollars, and no cents, besides costs of suit, from which said judgment of the said Superior Court of Cook County the said The United States Wringer Company has prayed for and obtained an appeal to the Appellate Court within and for the First District in said State. Now, Therefore, if the said The United States Wringer Company shall duly prosecute its said appeal with effect, and moreover pay the amount of the judgment,

costs, interests and damages rendered, and to be rendered, against it in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

Appellant filed nine pleas. Appellee demurred to the 1st, 6th, 7th, 8th and 9th. The first plea is *non debet*, the sixth is *non damnificatus*, and the 7th is general perform-ance. Each of these pleas is demurrable when filed to a declaration on an appeal bond. Mix v. People, 92 Ill. 549; T. H. etc. Ry. Co. v. Peoria, etc., 182 Ill. 503.

The second plea is that there is no record remaining, etc. The third is that the judgment was not affirmed by the Appellate Court. The fourth is that appellant did not neglect to pay, etc. The fifth that no cause of action has accrued, etc. Issue was joined upon these pleas.

The eighth plea sets up that the United States Wringer Company appealed said cause from the Appellate Court to the Supreme Court, and in so doing gave a bond in the sum of $6,000 with the Aetna Indemnity Company as surety; that appellee brought suit upon the last mentioned bond in the Circuit Court of Cook County, which suit is pending; and that thereby appellee elected to proceed upon such bond, and therefore is precluded from proceeding against appellant in the present action.

The ninth plea sets up the same suit upon the bond given on the appeal to the Supreme Court, and alleges that in such suit a plea in abatement was filed in which it is alleged that the sum due and owing from the United States Wringer Company to appellee had been attached in an action brought in an Ohio court, and that said Circuit Court sustained such plea and recognized it as a good and valid defense.

The demurrer to each of the two pleas last named was properly sustained. Bonds given upon successive appeals are cumulative in effect and the giving of the second does not discharge the first. The obligee may proceed upon either or both until he has obtained satisfaction of his judgment. They are separate contracts given to secure the payment of the same debt, and until that

Fidelity Deposit Co. v. Cooney.

debt is liquidated the obligors in either are not advantaged by the fact that the creditor has brought an action upon the other.    Aurand v. Aurand, 87 Ill. App. 29; Becker v. People, 164 Ill. 267, and cases cited.

What the Circuit Court did or did not do in another and wholly distinct suit is immaterial, and cannot legally be plead in bar to this action.

The cause was submitted to court for trial without a jury, and was heard June 26, 1905.    Appellee put in evidence the bond, the order of affirmance of the cause by this court, the costs, amounting to $19.20, and rested.    Appellant offered no evidence.    The court found the amount due as $5,750.40, and entered judgment for $6,500 debt and $5,750.40 damages.    Appellant prayed an appeal, which was allowed.    Thereafter appellant moved for an order staying the issuance of an execution until the termination of the suit brought by the Stone Manufacturing Co. v. The United States Wringer Company and Julia M. Cooney in the Common Pleas Court of Franklin County, Ohio, which motion was afterwards on July 15, 1905, denied, to which action of the court appellant excepted.

The appeal in this case is from the judgment herein entered June 26, 1905.    There is no appeal from the order of July 15, 1905, overruling the motion for a stay of execution.    Hence the propriety of that order is not before us.    But if it were, we would be compelled to sustain the action of the court in that regard, for the reason that there is no evidence in the record of the existence of the suit named in the motion of appellant, or that if it existed appellant was a party thereto, or was in any other way concerned therein.

Appellant has wholly failed in its defense in this cause, and we are of the opinion that this appeal was taken for delay.    Therefore we affirm the judgment of the Superior Court, with damages to the amount of $287.52.

*Affirmed, with damages.*

The foregoing opinion was written by Mr. Justice Ball during his term as justice of this court, and is now adopted as the opinion of this court.