### PROBST et al. v. BEARMAN.

No. 10456—Opinion Filed June 24, 1919.

Rehearing Denied Sept. 23, 1919.

(Syllabus by the Court.)

1. **Jury—Trial by Jury—Suit to Cancel Oil Lease.**

In an action for cancellation of an oil and gas lease, where an accounting for the oil and gas produced during the litigation is ancillary to the main cause of action, parties brought into the action by supplemental bill for the purpose of the accounting are not entitled to trial by jury.

2. **Equity—Accounting—Scope of Relief.**

Where a court of equity assumes jurisdiction of the controversy on some ground other than the accounting involved, it will, as a general rule, where an accounting is necessary for full settlement of the controversy, proceed to decree it, and will settle the whole controversy, even to the extent of adjudicating matters of purely legal cognizance.

3. **Limitation of Action—Lis Pendens—Suit to Cancel Oil Lease.**

Where oil and gas is purchased pending a suit to cancel the lease under which same is produced, by parties having knowledge of

such litigation and of the purpose of the adverse party to insist upon his rights, the statute of limitations does not begin to run against the right to compel such purchasers to account for the oil and gas until the final determination of the suit canceling the lease.

**4. Action—Suit to Cancel Oil Lease—Parties—Accounting.**

In an action for cancellation of an oil and gas lease, and where an accounting of oil and gas produced pending the litigation is ancillary, all parties producing and purchasing such oil and gas with notice may be joined in a supplemental bill for accounting.

**5. Conversion—Definition.**

"Conversion" is any distinct act or dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.

**6. Conversion—Parties—Joint Liability.**

Where one who converts property sells it to another who has knowledge of the conversion, the buyer and seller may be sued jointly for the conversion.

**7. Improvements—Rights of Purchaser of Oil Lease Pending Suit.**

The cost of improvements and operations incurred by the holder of an oil and gas lease, purchased pendente lite and with actual knowledge of the adverse claim, and of the purpose of such party to insist upon his rights and to obtain redress for the invasion of such rights, will not be deducted, when requiring such holder to account to the successful adverse party for oil and gas produced and sold from the premises.

Error from District Court, Tulsa County; Owen Owen, Judge.

Suit for injunction by the Dux Oil & Gas Company against one Wilson, with intervention by J. A. Bearman, and judgment for the Dux Oil & Gas Company, which on Bearman's appeal was reversed and remanded, with direction to enter judgment for Bearman and for an accounting, whereupon he filed a supplemental petition, bringing in George C. Probst and others for an accounting, etc. Judgment for Bearman, and Probst and others bring error. Affirmed.

Ralph E. Campbell, for plaintiffs in error Cosden & Co. and Cosden Pipe Line Co.

C. R. Thurwell, for plaintiff in error Misener.

Blake & Rosenstein, for plaintiffs in error Probst, Morrison, and Ernsberger.

W. A. Sipe and J. P. O'Meara, for defendant in error.

OWEN, C. J. This action was commenced by the Dux Oil & Gas Company against Wilson, praying an injunction to restrain interference with its exploring and developing certain oil lands under an oil and gas lease executed by Wilson. Bearman intervened in the action, praying a cancellation of the lease under which the oil company claimed, and for injunction restraining interference with his development of the premises under a subsequent lease executed by Wilson. From a judgment in favor of the Oil Company, Bearman appealed to this court, and secured a reversal of the judgment. The cause was remanded, with directions to enter judgment for Bearman for the oil and gas produced on the premises pending litigation, and for an accounting for that purpose. 64 Oklahoma, 166 Pac. 199. Bearman then filed a supplemental petition, bringing the plaintiffs in error into the action, demanding an accounting of the oil and gas taken from the premises, and for judgment for the value of same. From a judgment in his favor, plaintiffs in error prosecute this appeal.

To reverse the judgment it is urged the court erred: (1) In denying a trial to a jury; (2) in denying the plea of limitations; (3) in overruling demurrers for misjoinder of causes of action; (4) in rendering judgment for the highest market value of the oil at any time between the taking and the time of trial; (5) in denying plaintiff in error Misener the right to remove improvements made on the premises in the development and operation pending the litigation.

Plaintiffs in error claim as assignees and purchasers from the Dux Oil & Gas Company, and contend, in so far as the action concerns them, it is one for the recovery of money, and they were entitled to a trial by jury under the provisions of section 4993, Rev. Laws 1910.

The purpose of the action was the cancellation of an oil and gas lease and for injunctional relief, of purely equitable cognizance. Accounting for the oil and gas produced during the litigation is ancillary to the main cause of action. To succeed it was necessary for Bearman to cancel the lease under which the Dux Oil & Gas Company was developing the premises. When he succeeded in cancelling that lease, his right to the oil and gas produced on the premises during the litigation followed as a natural sequence. It was not an action for the recovery of money within the meaning of the statute, and the parties required to account for the oil and gas taken from the premises were not entitled to a trial by jury. Hogan et al. v. Leeper, 37 Okla. 655, 133 Pac. 190, 47 L. R. A. (N. S.) 475; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Brush v. Boyer, 104 Kan. 168, 178 Pac. 445.

Where a court of equity assumes jurisdiction of a controversy on some ground other than the accounting involved, it will, as a general rule, where an accounting is necessary to a full settlement of the controversy, proceed to decree it, and will settle the whole controvrsy, even to the extent of adjudicating matters of purely legal cognizance. Guaranteed St. Bank v. D'Yarnett, 67 Oklahoma, 169 Pac. 639; 1 C. J. 616; Murray v. Speed, 54 Okla. 31, 153 Pac. 181.

Pending the litigation, the Cosden Companies and the Arrow Gasoline Company purchased oil and gas from the Dux Oil & Gas Company and its assignees, the other plaintiffs in error. When these parties were brought into the action by the supplemental bill, more than two years had elapsed since the oil had been purchased by them. The contention is made that the action was not begun against them until the supplemental petition was filed, and the cause of action was therefore barred by the statute requiring civil actions, other than for the recovery of real property, to be brought within two years. It appears these parties had both actual and constructive notice of the litigation, and that Bearman claimed under the subsequent lease from Wilson. Having purchased with such notice, they had no greater rights than the Dux Oil & Gas Company, their vendor. The statute of limitation did not begin to run against Bearman until the final determination of his action to cancel the lease under which the oil company was in possession of the premises. His right to an accounting followed the cancellation of that lease. In the case of Walden et al. v. Bodley's Heirs et al., 9 How. 35, 13 L. Ed. 36, it was said:

"Where a defendant in ejectment aliens the property in dispute whilst the proceedings are pending, a possession by the vendee will not justify a plea of the statute of limitations."

In the case of City of Ft. Wayne v. Hamilton, 132 Ind. 487, 32 N. E. 324, 32 Am. St. Rep. 263, it was urged the action to recover damages for taking land was barred by the statute of limitations, for the reason that such action was not brought within the statutory period from the time of the taking. There had been condemnation proceedings, and it was held an independent action to recover damages for the taking could not be brought, where an appeal from condemnation proceedings was pending, and for that reason the statute did not run. In the case of Less v. English, 75 Ark. 288, 87 S. W. 447, in a suit to foreclose a trust deed, it was held the intervener's subsequently acquired title could not affect the right of foreclosure under the mortgage, and the statute of limitation could not be pleaded in support of same. In the case of Hovey v. Elliott, 118 N. Y. 124, 23 N. E. 475, it was said:

"Where the purchasers of bonds, pending a suit to establish a lien upon them, sell the same again, the statute of limitations does not begin to run against the lien claimant's right to compel such purchasers to account for his interest in the bonds until the final determination of the suit establishing his lien."

It is contended that, as against the plaintiffs in error who were, as they claim, merely purchasers of the oil, and their co-plaintiffs claiming an interest in the premises as assignees of the Dux Oil & Gas Company, Bearman had two entirely separate and distinct causes of action; one being for the conversion of the oil after it was produced, the other for injunction and cancellation of the lease. Bearman's cause of action against the Dux Oil & Gas Company was for cancellation of the lease and for injunction. When he prevailed in that cause of action, it was necessary to have an accounting of the oil and gas produced on the premises during the litigation in order that he have complete equitable relief. In such circumstances it is not necessary that the claim against each party must affect every other party to the action. It is not separate causes of action, but one cause of action against all parties who participate in the conversion. In the original action the Dux Oil & Gas Company was held to have no interest in the premises and no right to produce or appropriate the oil or gas. Such an appropriation amounted to conversion. Conversion has been held to be any distinct act or dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. McClintock v. Paris, 72 Oklahoma, 180 Pac. 689; Sivils v. Aldridge, 62 Oklahoma, 162 Pac. 198. When the one who converts property sells it to another, who had knowledge of the conversion, the buyer and seller may be sued jointly for the conversion. Ex parte Railroad Co., 95 U. S. 221, 24 L. Ed. 355; United Shoe Machinery Co. v. Holt, 185 Mass. 97, 69 N. E. 1056.

Counsel for the Cosden Companies urges that judgment should not have been for the highest market value of the oil and gas purchased, for the reason the cause of action against these companies was not prosecuted with reasonable diligence, taking the position that Bearman's cause of action arose when the oil was purchased. Under the provisions of section 2875, Rev. Laws 1910, the damage caused by wrongful conversion of

personal property is presumed to be, when the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the trial. When brought into the action as defendants, having purchased pendente lite and with actual notice, the purchasers must be treated as defendants from the time of commencement of the action. Hovey v. Elliott, supra.

Misener, claiming under the Dux Oil & Gas Company, having notice of the litigation and of Bearman's claim and his purpose to insist upon the rights conferred by his lease, and to obtain redress for the invasion of those rights, cannot recover for improvements made on the premises pending litigation. In the case of Guffey v. Smith, 237 U. S. 101, 35 Sup. Ct. 526, 59 L. Ed. 856, it was held the cost of improvements and operation incurred by the holders of an oil and gas lease could not be deducted in an accounting to the holders of a prior lease, where such improvements were made after notice of the prior lease, and of the purpose of the holders to insist upon the rights conferred by it. In the case of Central Coal & Coke Co. v. Penny, 173 Fed. 340, 97 C. C. A. 600, it was held that one who willfully, or with reckless disregard of the rights of another, takes his property and appropriates it to his own use, must respond to the owner for the value of the property without deducting for the labor bestowed or the expenses incurred in removing or preparing it for market. In 25 Cyc. 1484, it was said:

"A purchaser pendente lite from a party of property in litigation is not entitled to improvements made by him upon the property as against the successful adverse party."

The judgment of the lower court is affirmed.

KANE, RAINEY, HARRISON, and JOHNSON, JJ., concur.