**FIRST NAT. BANK BLDG. CO. et al. v. RIDDLE.**

No. 9580—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Liability on Bonds—Successive Appeals.**

Bonds given upon successive appeals are cumulative in effect and the giving of the second does not discharge the first. The obligee may proceed upon either or both until he has obtained satisfaction of his judgment. They are separate contracts given to secure the fulfillment of the same obligation.

**2. Same—Joinder of Causes of Action.**

In an ejectment case, where the plaintiff obtains judgment against defendants in the district court for possession of certain premises, and defendants execute a supersedeas bond and appeal to this court, and said cause is affirmed in this court, and an appeal is taken to the Supreme Court of the United States and another supersedeas bond is executed with substantially the same conditions as the first bond with different sureties and said cause is affirmed by the Supreme Court of the United States, and the plaintiff commences an action against the principal and the sureties on both bonds, for damages and rent of the premises during said appeal, held that two causes of action are not improperly joined.

**3. Pleading—Sufficiency on Joint Demurrer.**

When a joint demurrer to a petition is filed by several defendants for the reason that several causes of action are improperly joined, the demurrer is not well taken if the petition is good as to any one of the defendants.

**4. Appeal and Error—Supersedeas Bond—Liability—"Damages."**

A supersedeas bond in an ejectment case which provides that the defendants will pay all damages, includes the reasonable rental value of the premises, pending appeal.

**5. Ejectment—Occupying Claimants — Improvements Made After Suit.**

In an ejectment suit, where a plaintiff obtained judgment in the district court for the possession of certain premises, and the defendants appealed therefrom, and the judgment is affirmed upon appeal, the defendants are not entitled to compensation for improvements made on said premises after the suit was brought against them for the land.

**6. Appeal and Error—Action on Appeal Bond—Parties Plaintiff.**

On the affirmance of a judgment on appeal in ejectment, the plaintiff may maintain an action in his own name on the undertaking on appeal, to recover the value for the use and occupation of the premises sued for, from the time of appeal to the delivery of possession to him, though he had conveyed the premises to a third person after rendition of the judgment appealed from. The plaintiff, as between himself and the grantee, is the trustee of an express trust, and authorized as such to sue on the undertaking.

**7. Same—Amount of Recovery — Rental Value of Land.**

In an action for ejectment, where a plaintiff has recovered judgment against the defendants for possession of said premises, and the defendants appeal from said judgment, and said judgment upon final hearing is affirmed, held, in an action against the defendants and his bondsmen, the amount of recovery is the fair, just, and reasonable rental value for the use and occupancy of said property during the time so unlawfully held by the defendants.

Error from District Court, Grady County; Will Linn, Judge.

Bond, Melton & Melton, for plaintiffs in error.

Frank M. Bailey and Harry Hammerly, for defendant in error.

Action by F. E. Riddle against the First National Bank Building Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

McNEILL, J. This action was commenced April 22, 1916, by F. E. Riddle in the district court of Grady county against the First National Bank Building Company and others, to recover damages for the wrongful and unlawful possession of certain real estate. The petition alleged the plaintiff was the owner of lot 3, block 46, in the town of Chickasha and the First National Bank Building Company, E. B. Johnson and H. B. Johnson had been unlawfully and wrongfully in possession of said property since June 1, 1909. The petition further alleged that the said F. E. Riddle, on the 11th day of June, 1909, in the district court of Carter county recovered a judgment against the said First National Bank Building Company, H. B. Johnson, and E. B. Johnson in an ejectment suit, for possession of said premises, and the First National Bank Building Company, H. B. Johnson, and E. B. Johnson perfected an appeal from said judgment to this court, and in order to retain possession of said premises executed a supersedeas bond in the sum of $5,000 with Ben F. Johnson and T. T. Johnson as sureties. That thereafter, on April 17, 1914, this court affirmed the judgment of the district court of Carter county, and the said First National Bank Building Company, H. B. Johnson, and E. B. Johnson appealed from the judgment of this court to the Supreme Court of the United States, and for the purpose of enabling them

to continue in possession of said premises, executed a supersedeas bond in this court in the sum of $10,000 with T. T. Johnson and C. B. Campbell as sureties. That said judgment was thereafter on March 20, 1916, affirmed by the Supreme Court of the United States. Plaintiff alleges that the reasonable rental value of said premises while the same were occupied by the defendant, First National Bank Building Company, E. B. Johnson and H. B. Johnson, from the 1st day of June, 1909, to the time of filing this action, was $150 per month, and that certain waste was committed on said premises by defendants, and asks for total damages of $15,421. The principal defendants filed a joint demurrer, and the defendants Ben F. Johnson, T. T. Johnson, and C. B. Campbell filed a joint demurrer. Both demurrers were based on the same grounds to wit: (1) The petition failed to state a cause of action; (2) Several causes of action were improperly joined. These demurrers were overruled, and the defendants filed their answer setting up numerous defenses and counterclaims.

The cause was tried to a jury, and the jury returned a verdict in favor of the plaintiff and against the defendants, First National Bank Building Company, H. B. Johnson and E. B. Johnson, as principals, in the sum of $8,343.18, and against B. F. Johnson and T. T. Johnson, as sureties, on the supersedeas bond executed by them in the sum of $5,000, and against T. T. Johnson and C. B. Campbell, as sureties on the supersedeas bond executed by them, in the sum of $2,-360. From said judgment the defendants have all appealed to this court and for reversal of said judgment have assigned numerous assignments of error, and in briefing the same have referred to the assignments as eight separate and distinct propositions.

The first proposition briefed is that the court erred in overruling the demurrers to plaintiff's petition for the reason that several causes of action are improperly joined.

For convenience, the parties will be referred to in the same position they occupied in the court below to wit, F. E. Riddle as plaintiff, and the rest of the parties as defendants.

It is the contention of the defendants that several causes of action are improperly joined, in violation of section 4738, Revised Laws 1910, which is as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable or both, where they all arise out of one of the following classes:

"First. The same transaction or trans-

actions connected with the same subject of action. * * *

"But the causes of action so united must all belong to one of these classes and must affect all the parties to the action except in actions to enforce mortgages or other liens."

The defendants rely upon the case of Bryan et al. v. Sullivan, 55 Okla. 109, 154 Pac. 1167, but the facts in that case are not similar to the facts in the case at bar, as the causes of action in that case involved were an action on an injunction bond and an action on an appeal bond with different sureties, and we think the case is easily distinguishable. The cause of action in this case against the principal defendants is based upon the unlawful detention and possession of the property of the plaintiff from the 1st day of June, 1909, until the 1st day of March, 1916.

The appeal bond executed by Ben F. Johnson and T. T. Johnson contained the following provision:

"Principals will not during their possession of said property commit or suffer to be committed any waste thereon; and if the said judgment be affirmed, they will pay the value of the use and occupation of said property from the date hereof until the delivery of possession, pursuant to the judgment, and all costs."

It will be noticed that the liability of the sureties on said bond was from the date of the bond until the delivery of the possession of said property, pursuant to the judgment and all costs. The amount of liability, however, was limited to $5,000.

The second bond, executed by T. T. Johnson and C. B. Campbell, contained the following provision:

"The condition of the foregoing obligation is such that, whereas, said obligee did on April 17, 1914, in the above entitled cause, procure a judgment against the principal obligors, affirming the previous decision of the district court of Carter county, Oklahoma, ejecting the principal obligors from the real estate involved in said proceedings and denying the principal obligors the relief sought by them in their cross-petition; and whereas, the said principal obligors have secured a writ of error to the Supreme Court of the United States to review the proceedings in said cause; now, therefore, if the said principal obligors shall prosecute their writ of error to effect, and pay all damages and costs if they fail to make their plea good, then this obligation shall be void, otherwise to remain in full force and effect."

There is no attempt in the second bond to limit the liability to simply the costs or damages on appeal to the Supreme Court of the United States, but the bond reviews all the

different steps and proceedings in the different courts and then provides:

"To pay all damages and costs if they fail to make their appeal good."

These bonds were both conditioned for the payment of all damages and costs the plaintiff might suffer by reason of his judgment in the district court of Carter county being superseded. The bonds were both liable for the same obligation, as was said by the Supreme Court of Illinois in the case of Becker v. People, 164 Ill. 267:

"A surety upon a supersedeas bond filed on appealing a quo warranto proceeding to the Appellate Court is not released from liability on such bond by the execution and approval of a bond, with a new surety, for a farther appeal of the cause to the Supreme Court, the bonds being in such case cumulative securities."

In the case of Fidelity Deposit Company of Maryland v. Cooney, 127 Ill. App. 523, it is stated as follows:

"Bonds given upon successive appeals are cumulative in effect, and the giving of the second does not discharge the first. The obligee may proceed upon either or both until he has obtained satisfaction of his judgment. They are separate contracts given to secure the payment of the same debt, and until that debt is liquidated the obligors in either are not advantaged by the fact that the creditor has brought an action upon the other."

To the same effect is the case of Chester v. Broderick, 131 N. Y. 549.

By applying the rule above announced, the sureties on the bonds were each liable for all damages and costs sustained by plaintiff.

The rule applicable to joining causes of action of this kind and character is announced in 1 Corpus Juris 1102, as follows:

"Under some circumstances, however, causes of action upon different bonds with different sureties may be joined, as where the different bonds relate to the same matter and are similarly conditioned, and the default complained of constitutes a breach of each bond so as to render all of the sureties upon the different bonds liable therefor, as in the case of bonds given as additional security in regard to the same matter as an original bond which still remains in effect. A cause of action against the principal for a breach of the bond may be joined with the cause of action against the sureties thereon for the same breach."

The Supreme Court of Kansas, from where our statute was taken, in passing on a case almost identical, in the case of Gilbert v. Board of Education of the City of Newton, 25 Pac. 226, stated as follows:

"Where a treasurer of the board of education of a city of the second class gives an ordinary official bond upon taking the possession of his office, and afterwards upon the order of the board of education gives an additional bond with substantially the same condition as the first bond, but with different sureties, and when his term of office expires he fails to deliver to his successor in office the balance of the school fund due to the school corporation, and the board of education commences an action therefor against him and his sureties on both bonds, held, that two causes of action are not improperly joined."

Ohio has a statute almost identical with ours, and in the case of Siebern v. Myer, 11 Ohio Decisions (Reprint) 344, it was held as follows:

"It is not a misjoinder to sue the sureties on a guardian's original bond and those on his additional bond in a single action."

The Supreme Court of Nebraska announced the same rule in case of Holeran v. Adams Co., School District, 6. N. W. 472. To the same effect is the case of Stark Co. v. Mischel (N. D.) 156 N. W. 931, and Singer Mfg. Co. v. Ponder (Tex.) 18 S. W. 152. These cases appear to be squarely in point and to support the judgment of the court upon this question.

We think there is still another reason why the ruling on the demurrer should be sustained. The rule announced in 1 R. C. L. 368, is:

"Only persons improperly joined can object to the misjoinder."

In so far as the joint demurrer of the principal defendants was concerned, there was no misjoinder of causes of action as to them. As to the joint demurrer filed by Ben F. Johnson, T. T. Johnson, and C. B. Campbell, it must be remembered that T. T. Johnson executed both bonds. B. F. Johnson executed only the first bond and C. B. Campbell the second bond, and as to T. T. Johnson there was no misjoinder of causes of action, for he was liable on both causes of action.

This court, in the case of Stiles v. City of Guthrie, 3 Okla. 26, 41 Pac. 383, held as follows:

"That when a joint demurrer to the petition is filed by several defendants for want of facts, the demurrer is not well taken if the petition is good as to any one."

This case was followed by this court in the case of Rogers' Milling Co. v. Goff, Gambill & Wright Co., 46 Okla. 339, 148 Pac. 1029, where the court stated as follows:

"A joint general demurrer should be overruled if the petition states a cause of action against any of the parties joined in the demurrer."

Such was the holding of the Supreme Court of California in the case of Rogers v. Sullenberger, 43 Pac. 899. While the demurrer in this case was directed to the question that the causes of actions were improperly joined, yet the same rule and same reason apply as if it were founded upon the question. Did the petition state a cause of action? It was not error to overrule the demurrer in so far as T. T. Johnson was concerned, for the reason that he was liable upon both bonds, and no error can be predicated upon this question.

The second proposition ·presented is that the demurrer of the sureties C. B. Campbell and T. T. Johnson on the appeal bond filed in this court perfecting the appeal to the Supreme Court of the United States should have been sustained on the theory that the sureties were not liable on said bond for the rents and revenues of the property pending the appeal to the Supreme Court of the United States. This contention is based upon the theory that the word "damages" is not broad enough to include rents. Defendants rely upon the case of Hotel Co. v. Kountze, 107 U. S. 378, 27 Law Ed. 609, but that case was distinguished by the Supreme Court of the United States in the case of Woodworth v. Northwestern Mutual Life Ins. Co.. 185 U. S. 356, 46 Law Ed. 945, wherein the court held:

"The obligee in a bond which supersedes an order of a circuit court of the United States confirming a sale on foreclosure of real property in Nebraska and directing the immediate execution of a deed and delivery and possession thereof to the purchaser is entitled, on affirmance of the order and execution of the deed, to recover on such bond the rents and profits which accrued and were collected by the judgment debtor after the confirmation of the sale."

In the case of St. Louis Smelting & Refining Co. v. Wyman, 22 Fed. 184, Justice Brewer stated:

"When the judgment is entered in the circuit court, the right of the plaintiff to the possession of the property is established. He is entitled to the immediate possession, and to the rents and profits that thereafter shall arise therefrom. If by proceedings in error and a supersedeas bond he is deprived of that possession, and so, pending the proceedings in error, loses those rents and profits, certainly he is damaged to that extent, and if the supersedeas bond is to answer all damages, it should answer for those rents and profits. I do not see any logical escape from that reasoning."

See, also, Tarpey v. Sharp (Utah) 43 Pac. 104.

We do not think this contention is supported by the law applicable to the case at bar.

The third proposition is, the court erred in sustaining a demurrer to the fourth paragraph of the answer of the defendants. The defendants answered in this paragraph that at the time judgment was rendered, on June 11, 1909, in the district court of Carter county, the trial court entered a judgment wherein the court found the value of the improvements placed upon said land by the defendants prior June 1, 1909, and found the amount of rent due from said defendants to the plaintiff for the unlawful use of said premises prior to June 1, 1909, and entered a judgment offsetting the value of the improvements against the amount of rents accruing prior to that date. Defendants now contend that the court had no jurisdiction to render such a judgment, and after final judgment, and after the mandate was returned to the district court the defendants in the original case in Carter county filed a petition demanding an accounting for the value of the improvements placed on the property by defendants and to ascertain the amount of rents due plaintiff prior to June 1, 1909, and requesting that the petition be set down for hearing. The plaintiff demurred to this portion of the answer, and the same was sustained, and during the trial of the case the parties entered into an admission which disclosed that in May, 1916, defendants had filed a petition as set forth in their answer and the plaintiff had filed a motion to strike said petition from the files and the same was still pending and undisposed of.

We think there is no merit in this contention. This cause of action is for damages for unlawful detention of the premises from June 1, 1909, to March 1, 1916. Admitting that the defendants in the original action might re-litigate the question of the value of the improvements placed upon the premises prior to June 1, 1909, and the amount of rents the plaintiff was entitled to prior to said date, still it would be no defense to this action, for the reason the court did not try that issue, and it would be no defense to the issues in this case. The defendants can make no claim in this action for possession, or lien upon the improvements as provided for under the occupying claimants act, for the reason they have long since surrendered possession of the premises. Defendants rely upon the case of Scott v. Potts. 60 Okla. 228. 159 Pac. 932; Provens v. Ryan, 57 Okla. 175, 156 Pac. 351. and other decisions of this court wherein the occupying claimants act was involved. While these cases might apply to the proceedings still pending in the district court of Carter

county and might be presented to the court for its consideration to determine whether the court should again litigate the question of improvements and rents prior to June 1, 1909, they have no application to the case at bar.

The fourth proposition is that the court erred in sustaining a demurrer to the 7th and 8th paragraphs of defendants' answer, wherein the defendants set up a counterclaim for repairs and improvements on the property in controversy since June 1, 1909. The court sustained the demurrer to this portion of the answer and on the trial of the case the defendants offered evidence to prove these facts, which evidence was rejected by the court. The rule appears to be well settled in 15 Cyc. 229, as follows:

"To authorize a recovery for improvements, they must have been made by defendant in good faith as a bona fide occupant, and in the belief that the land was his own; as a rule no allowance should be made for improvements made with notice or knowledge of an adverse title, or for those made by one who has acquired the land mala fide."

This court, in a case which originated in Indian Territory and was governed by Mansfield's Digest of the Laws of Arkansas, which contains a section of the statute somewhat similar to occupying claimant act, stated in the case of Reynolds v. Fewel, 34 Okla. 112, 124 Pac. 623, as follows:

"Section 2644 of Mansf. Dig. of Ark. (Ind. T. Ann. St. 1899, sec. 1928), which provides that, 'if any person, believing himself to be the owner either in law or equity under color of title, has peaceably improved, or shall peaceably improve, any land which, upon judicial investigation, shall be decided to belong to another, the value of the improvements made,' is to be paid by the successful party before he can obtain possession, does not entitle a defendant to compensation for improvements made after suit brought against him for the land."

This court, in a very recent decision, in the case of Probst v. Bearman, 76 Okla. 71, 183 Pac. 886, stated the rule as follows:

"The cost of improvements and operations incurred by the holder of an oil and gas lease, purchased pendente lite and with actual knowledge of the adverse claim, and of the purpose of such party to insist upon his rights and to obtain redress for the invasion of such rights, will not be deducted, when requiring such holder to account to the successful adverse party for oil and gas produced and sold from the premises."

This portion of the answer stated no defense, nor were defendants entitled to any relief under the same as a counterclaim.

The fifth proposition is not briefed, and therefore will not be considered.

The sixth proposition contains two questions, the first portion of which is identical with the fourth proposition and heretofore referred to.

The second contention made in the sixth proposition is, the defendants offered to prove that on the 3rd day of March, 1912, F. E. Riddle conveyed the property to Letitia Riddle by warranty deed, which deed was filed for record on the 1st day of July, 1916. It is contended that the plaintiff was not the real party in interest. The Supreme Court of California, in the case of Walsh v. Soule, 6 Pac. 82, stated as follows:

"On the affirmance of judgment on appeal in ejectment, the plaintiff may maintain an action in his own name on the undertaking on appeal, to recover the value of the use and occupation of the premises sued for, from the time of appeal to the delivery of possession, though he had conveyed the premises to a third person prior to the rendition of the judgment appealed from. The plaintiff, as between himself and his grantee, is the trustee of an express trust, and authorized as such to sue on the undertaking."

The facts in the above case were almost identical with the facts in the case at bar, and it supports the ruling of the trial court.

The seventh proposition is directed to the instructions of the trial court. The court instructed the jury that the amount of the recovery should be as follows:

"For whatever amount as you may find and believe from the evidence to be a fair, just and reasonable compensation for the use and occupancy of said property since the 1st day of June, 1909, until the 1st day of March, 1916."

This we think was the correct measure of damages. It is suggested by the defendants that the court permitted recovery from the 1st day of June, 1909, and that the judgment in the original case in Carter county was not entered until the 11th day of June, 1909, but in this we think there was no error, for the reason that in the judgment of the district court of Carter county, the court made a settlement of the rents between the parties up to the 1st day of June, 1909. It is suggested that the sureties did not become liable upon the bond until the 11th day of June, 1909, but we think this is immaterial, for the reason that Ben F. Johnson and T. T. Johnson, by virtue of their bond, were liable from the date of the bond until the premises were surrendered. although the court limited their liability to the 17th day of April, 1914. This we think was an error, but one made

in favor of the sureties and they cannot complain. By a proper application of the law, the two sureties were liable for the full amount of their bond, and no judgment was rendered for a greater amount. By virtue of section 6005, Rev. Laws 1910, this error would be harmless.

An examination of the instructions as given shows that they clearly define the issues and stated the correct rule by which the plaintiff was entitled to recover and embraced every legitimate defense of the defendants.

The eighth proposition is that the court erred in refusing to give instructions requested by the defendants, but in this there was no error, for the reason the court gave the substance of these instructions in its instructions to the jury, and properly defined the measure of damages.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

OWEN, C. J., and KANE, PITCHFORD, HIGGINS, and JOHNSON, JJ., concur.