## NORTH v. BYRNES.

No. 25440. Feb. 1, 1938.

Rehearing Denied Sept. 13, 1938.

322

Z. I. J. Holt, W. A. Chase, and E. M. Lee, for plaintiff in error.

Christy Russell and D. Clayton Arnold, for defendant in error.

PER CURIAM. This suit was brought by the defendant in error, hereinafter referred to as plaintiff, against W. L. North and A. L. Chase, hereinafter referred to as defendants, to recover damages from them as sureties on an appeal bond, which was given to suspend the authority of a receiver pending the determination of an appeal from an order refusing to vacate the appointment of a receiver. The bond was filed in the case of Irene Byrnes v. Noble Chase and E. M. Chase, which action was brought for the purpose of subjecting certain properties alleged to have been conveyed by E. M. Chase to Noble Chase in fraud of the rights of the plaintiff, a judgment creditor of E. M. Chase. A receiver was appointed to take possession of the property. From an order refusing to vacate the appointment of the receiver, the defendants appealed to the Supreme Court and executed a suspending bond conditioned as required by section 780, O. S. 1931, to wit:

"If said above-named principals shall prosecute their said appeal with all due diligence and pay all costs or damages that may accrue to the state, or any officer or person by reason thereof, if the said judgment shall be affirmed in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect."

The sureties on this bond were W. L. North and A. L. Chase. The appeal was dismissed. Noble Chase remained in possession of the property during the pendency of the appeal for the period from February 6, 1929. to April 27, 1929. The property consisted principally of three pieces of residential property in the city of Tulsa and a system of rural telephone lines which served communities near Tulsa, and which were connected with the Tulsa exchange of the Southwestern Bell Telephone Company. During the pendency of the appeal, the three pieces of real estate were occupied by Noble Chase, E. M. Chase, and an employee of Noble Chase, and the telephone business was operated by Noble Chase.

In the original action, judgment was awarded the plaintiff adjudging that the conveyances from E. M. Chase to Noble Chase were void and subjecting the property to the lien of plaintiff's judgment. The property was sold and the proceeds applied on the judgment. Thereafter, on motion of the plaintiff, an order was entered in said cause adjudging that the plaintiff have and recover from the defendants, E. M. Chase and Noble Chase, all rents, profits, and income accruing from the properties during the period from February 6, 1929, to and including April 27, 1929. Thereafter this suit was filed.

Noble Chase and E. M. Chase were named as parties defendant, but were not served with process, and did not appear in the case. The case proceeded against the sureties. On motion of the plaintiff the case was referred to E. M. Gallaher, referee. The order of reference was made over the objection of the defendants, and the case proceeded before the referee over the demand by the defendants for a jury trial. Defendant now complains of the denial of a jury trial.

Plaintiff contends that the case was properly referred under section 376, O. S. 1931. Under that statute a case may be referred upon the application of a party, or on the court's own motion, "where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only and it shall be

made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account." The defendants contend that the above statute does not authorize the reference of a case other than one in which an equitable accounting is directly involved. Plaintiff insists that the statute is not so restricted, and cites in support of the contention the following Oklahoma decisions, to wit: Van Trees v. Territory, 7 Okla. 353, 54 P. 495; Hale v. Marshall, 52 Okla. 688, 153 P. 167; Frear v. State, 76 Okla. 213, 184 P. 771; Grainola State Bank v. Shellenberger, 81 Okla. 204, 197 P. 436. See, also, Patton v. First Nat. Bank & Trust Co. of Muskogee, 176 Okla. 453, 56 P. (2d) 1181. The defendant contends that each of those cases was for an equitable accounting, or was for an accounting in a case not known to the common law. He further contends that this case is one brought primarily for the recovery of damages and breach of a contract, and being an action known to the common law, the reference statute is not applicable. In our view of this case, it is unnecessary to determine that question. Although the suit was an action on contract, an issue of fact was presented which required the examination of an account of the income and profits from the operation of the telephone business. However, no mutual accounts were involved, and if a reference were authorized, it was by reason of the portion of the statute providing for a reference "when the account is on one side only and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account." During the pendency of the appeal, the telephone business was operated by Noble Chase and the accounts were kept by him. There was no showing in the motion for reference, and no finding in the order of reference, that it was necessary that the party on the other side of the lawsuit should be examined as a witness to prove the account. The account was pleaded by the plaintiff, and the parties on the other side of the lawsuit were W. L. North and A. L. Chase, sureties on the bond. The party from whom it was alleged the accounting would be necessary in order to determine the amount of recovery was not a party to the suit. In those circumstances the proceeding did not come within the terms of the reference statute.

The defendant further complains that the report of the referee and the judgment of the court are not sustained by sufficient evidence. The amount of damage for which judgment was rendered was based on the rental value of the real estate which was withheld from the receiver and the gross receipts from the operation of the telephone business during the period the authority of the receiver was suspended. Defendants present no objection to the allowance of the rental value of the real estate, which the referee found to be $250.17. The referee allowed a credit for taxes of $173.84. Plaintiff urged no objection to the allowance of that credit. The controversy relates to the award of damages based on the gross receipts from the operation of the telephone business. The order appointing the receiver directed the receiver to continue the operation of the telephone business and to employ such persons as might be necessary to conduct the business. It specifically authorized the receiver to employ the defendant Noble Chase to assist in conducting the same, and also authorized the receiver to expend such funds as were necessary to the continuation of the operation of the business. By reason of the filing of the appeal bond, the operation of the telephone business by the receiver was suspended for the period from February 6th to April 27, 1929. During that period Noble Chase operated the business and received the income from the business, and out of such proceeds paid the expenses of operation of the business. It is unnecessary to consider each of the items of expenditure shown by the record, as the consideration of representative items will suffice. There was paid to G. W. Wiggins the sum of $188.80 in payment for services rendered by him in the operation of the business. The sum of $973.58 was paid to the Southwestern Bell Telephone Company for exchange charges and for tolls belonging to Southwestern Bell Telephone Company and collected by Noble Chase in the operation of his company. The telephone business operated by Chase consisted of several rural lines and had no exchange, but messages over those lines were handled through the Tulsa exchange of the Southwestern Bell Telephone Company. The business could not operate without that connection, and a charge was made by the exchange for that service. Long distance messages were handled over these rural lines in connection with Southwestern Bell Telephone Company. Collection of tolls on such messages was made in some instances by the operator of the rural lines and remittance made to the Southwestern Bell Telephone Company. The payments made to Southwestern Bell Telephone Company covered those items. Noble Chase paid to himself out of the proceeds

of the business the sum of $250 as compensation for his services in connection with the operation of the business for the period from February 18th to April 25, 1929. The referee concluded that those other items of operating expense should not be deducted from the gross receipts of the telephone business in determining the amount of damages which should be awarded under the appeal bond. In reaching that conclusion, the referee relied on Railroad Co. v. Soutter, 80 U. S. 517; Probst v. Bearman, 76 Okla, 71, 183 P. 886; Wood v. Freeman, 132 Okla 159, 269 P. 1091; First Nat. Bank v. Riddle, 77 Okla. 143, 187 P. 479, and Woodworth v. Mutual Life Ins. Co., 185 U. S. 354. In Woodworth v. Mutual Life Ins. Co., supra, the court held that rents and profits of real estate during the time a purchaser is kept out of possession by a supersedeas bond on appeal constituted "damage" to the obligee in the bond within the meaning of the condition for payment of "all damages and costs which it may incur by reason or on account of said appeal." That case is not authority for the contention that the party deprived of the possession of a business is entitled to recover the gross proceeds of the operation of that business. The gross proceeds of the business certainly do not represent the profits of the business.

"Profit, in the ordinary acceptation of the law, is the benefit or advantage remaining, after all costs, charges, and expenses have been deducted from the income, because, until then, and while anything remains uncertain, it is impossible to say whether or not there has been a profit." Morrow v. Missouri P. R. Co. (Mo. App.) 123 S. W. 1034; Fechteler v. Palm Bros. & Co., 133 Fed. 462; Thomas v. Columbia Phonograph Co. (Wis.) 129 N. W. 522.

The obligee is not required to accept the rents received from real estate or the profits derived from the operation of a business as the measure of the damage sustained. Without regard to rents which may have been actually collected, the obligee is entitled to recover the reasonable rental value of the real estate during the period possession was withheld. K. C. Oil Co. v. Harvest Oil & Gas Co., 80 Okla. 61, 194 P. 228; Joslin v. Williams (Neb.) 107 N. W. 837. The obligee in the bond is not required to accept the profits which may have been derived from the operation of a business which was withheld from the obligee or a receiver. If he does elect to base his recovery on the proceeds or profits derived from the operation of the business by the obligor, his recovery must be measured by the net profits or proceeds from

the operation of the business. The measure of damages for the breach of a bond is determined by the principles applicable to contracts generally, and only such matters as fall within the scope of the contract should be considered. In this case the contract was that the obligor would pay all damages that might accrue by reason of the suspension of the authority of the receiver in the event the order of the court refusing to vacate the receivership should be affirmed. The obligee is entitled to recover such amount as will compensate for any injuries which are the direct and proximate result of the suspension of the authority of the receiver. The order of the court required the receiver to operate the telephone business. The appeal bond prevented the receiver from operating that business. The plaintiff is entitled to such compensation as will put her in as good position as she would have occupied had the authority of the receiver not been suspended. Had the authority of the receiver not been suspended, plaintiff would have received the benefit of any net profits which the receiver made from operating the business. Plaintiff could have elected to establish such profit and to seek recovery based on that measure of damage. In that event it would have been necessary for the plaintiff to establish by competent evidence the amount of net profit which would have resulted from the operation of the business by the receiver. Such profits would have been determined by the amount remaining from the gross receipts after the payment of expenses which the receiver would necessarily have incurred in the operation of the business had the property been turned over to him. Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294. The expenditures for necessary services performed in the operation of the business and expenditures made to the Southwestern Bell Telephone Company, and similar items of expense necessarily incurred in the operation of the business, would necessarily be deducted from the gross income in order to determine the profits of the business. Instead of assuming that burden, the plaintiff elected to measure the damages by the income or profits from the operation of the business by Noble Chase. The amount of the recovery in such case is confined to the net profits resulting from the business as it was operated by Noble Chase. Payments which were made on mortgages on the real estate had no connection with the operation of the business, and were properly disallowed by the referee. The payments which were made to Noble Chase for services

performed by him in the operation of the business were proper items to be deducted in determining the net profits of the business. The above conclusion is not contrary to the rule announced in Probst v. Bearman, supra, and First National Bank v. Riddle, supra. In those cases the rights of the parties were not fixed by contract. In the case at bar the amount of recovery is limited by the contract to the damages sustained. The judgment of the trial court is reversed, with directions to grant a new trial and to proceed further in accordance with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys C. B. Cochran, G. A. Paul, and John Tate Brittain in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cochran and approved by Mr. Paul and Mr. Brittain, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. HURST, J., disqualified and not participating.